**Jerome CARROLL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–99–00942–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 21, 2001.

Charles Hinton, Houston, for appellant.

John B. Holmes, District Attorney, Carol M. Cameron, Assistant District Attorney, Houston, for the State.

Panel consists of Justices WILSON, NUCHIA, and DUGGAN.*

## OPINION

WILSON, Justice.

Appellant, Jerome Carroll, is a multiple offender under the driving while intoxicated (DWI) statute. In this case, appellant appeals from his sixth DWI conviction. We determine whether appellant is legally subject to punishment as a habitual felony offender.

The trial court overruled appellant's pretrial motions excepting to the indictment. After the jury found appellant guilty of his third felony DWI and appellant pleaded true to two enhancement paragraphs, the trial court assessed punishment at 28 years in prison. We affirm.

## Background

Appellant was arrested for DWI on October 31, 1998, and charged with felony DWI. As jurisdictional elements of the charged felony DWI, the indictment alleged two prior misdemeanor DWI convictions (cause numbers 8,841,852 and 922,-204). The indictment's two punishment enhancement paragraphs consisted of two prior felony DWI convictions (cause numbers 572,588 and 595,358).

In appellant's two prior felony DWI convictions, the State used one of the same misdemeanor DWI convictions (cause

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

number 8,841,852) that it used in the instant case as a jurisdictional element to raise the charged DWI from a misdemeanor to a felony.

| Appellant's Felony DWI Conviction History[1] | | |
|---|---|---|
| **Jurisdictional Enhancement** | Misdemeanor DWI (Offense 1) 8,841,852 | Misdemeanor DWI (Offense 1) 8,841,852 | Misdemeanor DWI (Offense 1) 8,841,852 |
| | Misdemeanor DWI 2 (Offense 2) 8,834,457 | Felony DWI 1 (Offense 3) 572,588 | Misdemeanor DWI 4 (Offense 5) 922,204 |
| **Felony Conviction** | Felony DWI 1 (Offense 3) 572,588 | Felony DWI 2 (Offense 4) 595,358 | Felony DWI 3 (Offense 6) 796,928 |
| **Punishment Enhancement** | | | Felony DWI 1 (Offense 3) 572,588 |
| | | | Felony DWI 2 (Offense 4) 595,358 |

## Discussion

On appeal, appellant claims the State violated section 49.09(f) of the Texas Penal Code, because it used the same misdemeanor DWI conviction (8,841,852) under both section 49.09(b) for jurisdictional purposes and section 12.42(a)(3) or (d) for enhancement purposes. We disagree.

### I.

Section 49.09(f) of the Texas Penal Code reads as follows:

A conviction may be used for purposes of enhancement under this section or enhancement under Subchapter D, Chapter 12, but not under both this section and Subchapter D.

TEX. PENAL CODE ANN. § 49.09(f) (Vernon Supp.2001).

■ Section 49.09(f) contemplates two types of uses of a conviction—jurisdictional enhancement and punishment enhancement. A conviction used under section 49.09(b) raises the DWI to a felony grade and is an element of the felony DWI.

*Gibson v. State,* 995 S.W.2d 693, 696 (Tex. Crim.App.1999) (*citing* 42 CHARLES E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 38.73, at 651–652 (1995 & Supp.1999)). By comparison, a conviction used under section 12.42(d), the habitual offender statute, enhances punishment. *Gibson,* 995 S.W.2d at 696.

### A. Jurisdictional Enhancement

■ Using a prior felony or misdemeanor conviction to elevate a DWI offense to felony grade is not a new addition to the DWI statute. *See* Act of May 24, 1973, 63d Leg., R.S., ch. 399, § 5, sec. 802b, 1973 Tex. Gen. Laws 883, 995–96 & 996c (amending DWI statute to allow jurisdictional enhancement). Elevating a DWI from a misdemeanor to a felony offense by using a previous DWI conviction does not enhance punishment, but creates a new offense and vests the district court with jurisdiction. *Gibson,* 995 S.W.2d at 696; *see also State v. Nelms,* 775 S.W.2d 25, 27 (Tex.App.—Houston [1st Dist.] 1989, pet.

1. The table illustrates the offense references as used in this opinion.

ref'd) (construing felony theft statute similarly). Thus, any felony DWI conviction has used two prior DWI convictions as elements of the new offense (jurisdictional enhancement). *Gibson,* 995 S.W.2d at 696; *see also Gant v. State,* 606 S.W.2d 867, 869 n. 2, & 871 n. 9 (Tex.Crim.App. [Panel Op.] 1980) (construing felony theft statute similarly).

### B. Punishment Enhancement

In 1995, the legislature added section 49.09(f) to allow felony DWI convictions to be used to enhance punishment under Chapter 12 of the Penal Code for a DWI offense. *See* Act of June 7, 1995, 74th Leg., R.S., ch. 318, § 21, 1995 Tex. Gen. Laws 2743; *Phillips v. State,* 992 S.W.2d 491, 493 (Tex.Crim.App.1999); *see also* 42 CHARLES E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 38.73, at 651–652 (Supp.2000). Before this change, a felony DWI conviction could not be used in a later felony DWI prosecution to show a defendant was a habitual offender. *Jones v. State,* 796 S.W.2d 183, 185 (Tex.Crim.App.1990) (construing former statute). By changing the statute, the legislature allowed habitual DWI offenders to be treated in the same manner as other habitual offenders under a "three-strikes" rule. *Phillips,* 992 S.W.2d at 493.

Clearly, the legislature considered the possibility of multiple uses of a conviction under sections 49.09(b) and 12.42(d), because it limited the State's ability to use prior DWI convictions to enhancement of jurisdiction or enhancement of punishment during the prosecution of a subsequent offense. TEX. PENAL CODE ANN. § 49.09(f) (Vernon Supp.2001); *see, e.g., Phillips,* 992 S.W.2d at 493.

### II.

Having used offense 1 for jurisdictional enhancement to establish felony 1 and felony 2, as well as felony 3, can the State use felony 1 and felony 2 for punishment enhancement in a later prosecution? Stated differently, is the State "using" offense 1 for jurisdictional enhancement and punishment enhancement within the meaning of the statutory prohibition, when offense 1 was used for jurisdictional purposes to establish felony 1 and felony 2?

Under the plain language of the statute, a conviction "may be *used for purposes of enhancement* under this section or enhancement under [the habitual offender statute] *but not under both* this section and Subchapter D." TEX. PENAL CODE ANN. § 49.09(f) (Vernon Supp.2001) (emphasis added). To reach the result urged by appellant would require reading additional language into the statute unsupported by legislative intent or other principles.

As discussed above, the legislature added section 49.09(f) in 1995 to allow felony DWI convictions to be used to enhance punishment under the habitual offender statute for a DWI offense. *Phillips,* 992 S.W.2d at 493. This significantly changed the former law, which did not allow the State to use felony DWI convictions in later felony DWI prosecutions to show a defendant was a habitual offender. *Jones,* 796 S.W.2d at 185.

Further, only felonies may be used to enhance punishment under section 12.42(d), the habitual offender statute. The disjunctive language of section 49.09(b), "a conviction ... may be used for purposes of enhancement *under this section or* ... *under* [the habitual offender statute] *but not under both,*" assumes a section 12.42(d) conviction must be for a felony offense. TEX. PENAL CODE ANN. § 49.09(f) (Vernon Supp.2001) (emphasis added). Misdemeanor convictions may not be alleged to enhance punishment under section 12.42(d), the habitual offender stat-

ute. It follows that the disjunctive language of section 49.09(b) applies only to a felony DWI and does not apply to the use of a misdemeanor DWI under section 12.42(d) insofar as section 49.09(f) is limited by section 12.42(d).

Thus, appellant would have this Court hold that the use of a felony conviction that was predicated on a prior misdemeanor conviction, where the same prior misdemeanor conviction is used for jurisdictional purposes in the instant case, is the equivalent of using the misdemeanor conviction twice. We decline appellant's suggested interpretation and hold, on the facts before us, the State used offense 1 for jurisdictional enhancement as alleged in the State's pleading. However, we further hold the State did not use offense 1 for punishment enhancement purposes because no independent proof of its existence is required in the State's burden of proof under section 12.42(d).

We overrule appellant's point of error and affirm the trial court's judgment.