NO. 12-01-00059-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JOHN BUNN,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

 Appellant John Bunn appeals his conviction for the felony offense of driving while intoxicated
for which he was sentenced to twelve years in prison and fined $5,000.00. (1) In one issue, Appellant
argues that his sentence is illegal. We affirm.


Background

 By an indictment returned on November 2, 2000, Appellant was charged as an habitual offender
with his third felony driving while intoxicated offense. As jurisdictional elements of the charged felony
DWI, the indictment alleged two prior misdemeanor DWI convictions (cause numbers 105,295 and
106,217). The indictment's two punishment enhancement paragraphs alleged two prior felony DWI
convictions (cause numbers 4-95-743 and 1-94-198). 

 Appellant pleaded "not guilty," and the case was tried to a jury. The jury returned a verdict of
"guilty" against Appellant, but before the punishment phase of the trial began, the trial court, on its own
motion, granted Appellant a new trial. Thereafter, the State abandoned one enhancement paragraph,
and Appellant entered an open plea of "guilty" to the trial court and executed a written stipulation of
evidence, a written acknowledgment of admonishments, and a written waiver of trial by jury. Appellant
pleaded true to both jurisdictional paragraphs of the indictment, and pleaded true to the enhancement
paragraph which alleged a conviction for felony DWI in cause number 4-95-743. After a pre-sentence
investigation was completed, the trial court heard argument of counsel and then sentenced Appellant
to twelve years of incarceration and assessed a fine of $5,000.00. 

 In one issue, Appellant argues that his twelve-year sentence is illegal because the State used the
same two misdemeanor DWI convictions as jurisdictional elements to raise the DWI in cause number
4-95-743 from a misdemeanor to a felony as it used in the instant case. Appellant contends that such
"double dipping" violates the enhancement provisions of the Penal Code, and, therefore, the punishment
assessed against him should be reversed and the case remanded to the trial court for assessment of
punishment within the statutory range for a third degree felony. 


Enhancement

 If it is shown during a DWI trial that the defendant has been convicted two times of an offense
relating to the operating of a motor vehicle while intoxicated, the offense is a felony of the third degree. 
Tex. Pen. Code Ann. § 49.09(b) (Vernon Supp. 2002). If it is shown on the trial of a felony of the third
degree that the defendant has been once before convicted of a felony, on conviction, he shall be
punished for a second degree felony. Tex. Pen. Code Ann. § 12.42(a)(3) (Vernon Supp. 2002). A
conviction may be used to enhance an offense under section 49.09 or penalize a defendant as a repeat
offender under Chapter 12 of the Penal Code but may not be used under both sections. Tex. Pen. Code
Ann. § 49.09(g) (Vernon Supp. 2002). 

 There is nothing in the record before us to support Appellant's contention that the same two
misdemeanor DWI convictions were used as jurisdictional elements to elevate the DWI in cause number
4-95-743 to a felony as were used for the same purpose in the instant case. Although Appellant moved
to supplement the record on appeal with a written stipulation of evidence from cause number 4-95-743,
that motion was overruled for failure to comply with Texas Rule of Appellate Procedure 34.5(c). It is
Appellant's burden to present a record of the alleged error sufficient for us to review it, determine if it
was error, and, if so, determine whether Appellant was harmed. Montoya v. State, 43 S.W.3d 568, 572
(Tex. App.-Waco 2001, no pet.). 

 Even if we were to reach the merits of Appellant's contention, we would overrule the issue. 
Section 49.09(g) contemplates two types of uses of a prior DWI conviction: jurisdictional enhancement
and punishment enhancement. Carroll v. State, 51 S.W.3d 797, 799 (Tex. App.-Houston [1st Dist.]
2001, pet. ref'd). Jurisdictional enhancement elevates a DWI to a higher grade of offense. See Tex.
Pen. Code Ann. § 49.09. To elevate the charged DWI to a felony, the State may prove two prior
misdemeanor DWI convictions, two prior felony DWI convictions, or one prior misdemeanor DWI
conviction and one prior felony DWI conviction. See Tex. Pen. Code Ann. § 49.09(b). In a case of
jurisdictional enhancement, the prior intoxication-related offenses are elements of the offense of the
felony DWI and must be proved in the State's case-in-chief during the guilt-innocence stage of the trial. 
See Gibson v. State, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999). Elevating a DWI from a
misdemeanor to a felony offense using previous DWI convictions does not enhance punishment, but
creates a new offense and vests the district court with jurisdiction. Id. By contrast, use of a prior
conviction under Chapter 12 enhances punishment. Only prior felony convictions may be used to
enhance punishment for a felony offense under Chapter 12. See Tex. Pen. Code Ann. § 12.42. Had
the State alleged the felony DWI in cause number 4-95-743 as one of two offenses to elevate the instant
case to a felony under 49.09(b), and alleged the felony DWI in cause number 4-95-743 to enhance
punishment in the instant case under 12.42, section 49.09 (g) would have been violated. However,
49.09(g) was not violated in this case because the two misdemeanors were used for jurisdictional
enhancement but not punishment enhancement, and the felony DWI in cause number 4-95-743 was used
for punishment enhancement but not jurisdictional enhancement. See Carroll, 51 S.W.3d at 801. Even
assuming the same two misdemeanors were used to raise the DWI in cause number 4-95-743 to a felony
as were used in the instant case, 49.09(g) was not violated because nothing in either 49.09(g) or Chapter
12 prevents use of the same DWI conviction for either jurisdictional or punishment enhancement
purposes in multiple proceedings. See id. 

 For the foregoing reasons, we overrule Appellant's sole issue. Accordingly, the judgment of
the trial court is affirmed.

 SAM GRIFFITH 

 Justice

Opinion delivered August 7, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.


(DO NOT PUBLISH)
1. Appellant pleaded true to one enhancement paragraph alleging a prior felony conviction, thereby making
the instant offense punishable as a felony of the second degree. See Tex. Pen. Code Ann. § 12.42(a)(3) (Vernon
Supp. 2002).