In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00079-CR
______________________________


ALBERT CHARLES MCKINNEY, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court No. 20260


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Albert Charles McKinney was convicted by a Fannin County jury for the felony offense of
driving while intoxicated (DWI). The jury found the State's punishment enhancement allegations
to be true and assessed McKinney's punishment at eighteen years' confinement and a $5,000.00 fine. 
He now appeals, bringing to this Court one point of error in which he challenges the State's use of
a prior felony conviction to enhance the available punishment. We affirm the trial court's judgment.
McKinney's Prior Convictions and Applicable Law
Â Â Â Â Â Â Â Â Â Â Â Â The offense of DWI is a class B misdemeanor. See Tex. Pen. Code Ann. Â§ 49.04(b)
(Vernon 2003). However, the offense becomes a third-degree felony when the State proves that "the
person has previously been convicted . . . two times of any other offense relating to the operating of
a motor vehicle while intoxicated." See Tex. Pen. Code Ann. Â§ 49.09(b)(2) (Vernon Supp. 2005). 
Here, McKinney and the State stipulated


 to the two following prior convictions of DWI, which
raised this offense of DWI from a misdemeanor to a felony.
[1] In Cause No. 14361 of the 8th Judicial District Court of Hopkins County, Texas,
on June 10, 1996, and
Â 
[2] In Cause No. 11,075-C of the County Court at Law of Hopkins County, Texas,
on December 15, 1995. 
As is permitted when alleging these jurisdictional elements, the State used Cause No. 11,075-C, a
conviction for misdemeanor DWI. As stipulated, the instant offense is a third-degree felony
punishable by two to ten years' imprisonment. See Tex. Pen. Code Ann. Â§ 49.09(b)(2), Â§ 12.34
(Vernon 2003).
Â Â Â Â Â Â Â Â Â Â Â Â However, the State also sought to enhance the punishment range for this offense by alleging
another prior felony DWI conviction:
Before the commission of the offense alleged above, hereafter styled primary
offense, the defendant committed the felony of Driving While Intoxicated 3rd
Offense and was convicted thereof on June 10, 1996, in Cause No. 14362 in the 8th
Judicial District Court of Hopkins County, Texas.

The State used this allegation to enhance the available range of punishment to that of a second-degree felony, two to twenty years' imprisonment. See Tex. Pen. Code Ann. Â§ 12.33 (Vernon
2003), Â§ 12.42(a)(3) (Vernon Supp. 2005).
Â Â Â Â Â Â Â Â Â Â Â Â The misdemeanor DWI offense (No. 11,075-C), used here as a jurisdictional element, was
also used as jurisdictional element in the felony DWI conviction (Nos. 14361 and 14362). The
felony DWI conviction in No. 14362 was used to enhance punishment for the instant offense.
McKinney's Argument
Â Â Â Â Â Â Â Â Â Â Â Â McKinney contends that these facts constitute an impermissible use of his prior misdemeanor
DWI conviction in No. 11,075-C both as a jurisdictional element and as punishment enhancement
in the instant offense.


 To support his contention, he relies on cases in which courts have disallowed
the use of prior felony convictions as both an element of the primary offense and a conviction to
enhance punishment. See Hernandez v. State, 929 S.W.2d 11 (Tex. Crim. App. 1996); Wisdom v.
State, 708 S.W.2d 840 (Tex. Crim. App. 1986); Ramirez v. State, 527 S.W.2d 542 (Tex. Crim. App.
1975).
State Did Not Impermissibly Use Prior Misdemeanor DWI Conviction for Enhancement
Â Â Â Â Â Â Â Â Â Â Â Â We disagree with McKinney's contentions and conclude that the State did not impermissibly
use the prior misdemeanor DWI conviction for enhancement of punishment available for the instant
offense.
Â Â Â Â Â Â Â Â Â Â Â Â Initially, McKinney's argument invokes the principles of Section 49.09(g) regarding the
prohibition of a practice commonly referred to as "double-dipping":
(g) A conviction may be used for purposes of enhancement under this section
or enhancement under Subchapter D, Chapter 12, but not under both this section and
Subchapter D.

Tex. Pen. Code Ann. Â§ 49.09(g) (Vernon Supp. 2005).
Â Â Â Â Â Â Â Â Â Â Â Â This argument was presented in Carroll v. State, 51 S.W.3d 797 (Tex. App.âHouston [1st
Dist.] 2001, pet. ref'd). There, the court explained that the above-quoted provision contemplated two
types of uses of a convictionâjurisdictional enhancement and punishment enhancement. A
conviction used under Section 49.09(b) raises the DWI to a felony grade and is an element of the
felony DWI. By comparison, a conviction used under Section 12.42 enhances the punishment. Id.
at 799. Only felony convictions may be used to enhance punishment under Section 12.42. Cause
No. 11,075-C is a misdemeanor conviction and could not be used for punishment enhancement for
the instant offense. 
Â Â Â Â Â Â Â Â Â Â Â Â So, to the extent that McKinney's argument stands for the proposition that the State could not
use No. 11,075-C in its enhancement paragraphs, he is correct. Here, the State could not have used
No.Â 11,075-C in its enhancement allegations; the applicable repeat-offender provision only allows
the use of felony convictions to enhance punishment. See Tex. Pen. Code Ann. Â§ 12.42(a)(3). 
However, we point out that the State did not directly use No. 11,075-C for punishment enhancement
purposes.
Â Â Â Â Â Â Â Â Â Â Â Â The misdemeanor conviction in No. 11,075-C was used in each later DWI case for
jurisdictional enhancementâit was used in raising the offenses to the felony level, giving the district
court jurisdiction. See Gibson v. State, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999). Therefore,
the conviction in No. 11,075-C was used only under Section 49.09, but was not used as punishment
enhancement under Chapter 12 of the Texas Penal Code. McKinney does not contend otherwise. 
McKinney's argument, instead, is based on the indirect relationship between No. 11,075-C and
No.Â 14362, the felony conviction that the State actually did use for enhancement. That is, since
No.Â 11,075-C (the misdemeanor conviction) was used as a jurisdictional element of the felony DWI
in No. 14362, the State indirectly "used" No. 11,075-C in its enhancement allegations. In this regard,
McKinney's contention fails.
Â Â Â Â Â Â Â Â Â Â Â Â This argument has been rejected by the Houston First District Court in Carroll and by the
Fort Worth Court in Perez.


 In Carroll, the appellant urged a nearly identical argument as does
McKinney. Carroll contended that the State's enhancement allegation using a prior felony DWI
conviction which was elevated to such felony status through use of a prior misdemeanor DWI
conviction amounted to an impermissible use when the same misdemeanor DWI conviction was also
used as a jurisdictional element of the offense at issue. See Carroll, 51 S.W.3d at 799. The court
rejected this argument and held that the State did not "use" the prior misdemeanor conviction for
punishment enhancement since "no independent proof of its existence is required in the State's
burden of proof under section 12.42(d)." Id. at 801.
Â Â Â Â Â Â Â Â Â Â Â Â Similarly, in Perez, the Fort Worth Court responded to the same argument by pointing out
that the prior misdemeanor DWI conviction and the prior felony DWI convictionâfor which the
misdemeanor conviction was used as a jurisdictional elementâwere "separate and distinct
offense[s]." Perez, 124 S.W.3d at 215â16 (citing Gibson, 995 S.W.2d at 695â96). The court went
on to explain that the State was not required to plead or prove the prior misdemeanor DWI
conviction to use the prior felony DWI conviction for enhancement. See Perez, 124 S.W.3d at 216. 
Based on such reasoning, the court concluded that the State did not "use" the misdemeanor
conviction when it alleged the felony conviction to enhance punishment. See id. (citing Carroll, 51
S.W.3d at 801).
Â Â Â Â Â Â Â Â Â Â Â Â Likewise, we conclude that the State did not use McKinney's prior misdemeanor DWI
conviction in No. 11,075-C when it alleged a prior felony DWI conviction that was predicated on
that misdemeanor conviction. Since only a felony conviction can be used to enhance the punishment
for a felony DWI, the State could not have used the misdemeanor conviction to enhance punishment
under Section 12.42(a)(3). See Carroll, 51 S.W.3d at 800. The State did not attempt to use the
misdemeanor conviction for that purpose. Nor did the State indirectly use the prior misdemeanor
DWI conviction when it used No. 14362, a prior felony DWI conviction in which the misdemeanor
conviction was used as a jurisdictional element, to enhance punishment here. In order to have
sufficiently proven during the trial on punishment that McKinney was convicted of felony DWI in
No. 14362, the State need not also have proven that McKinney was convicted of misdemeanor DWI
in No. 11,075-C. We, therefore, agree with our sister courts in Carroll and Perez and hold that the
State did not impermissibly use the prior misdemeanor DWI conviction in its punishment
allegations. 
Â Â Â Â Â Â Â Â Â Â Â Â We overrule McKinney's contentions and affirm the trial court's judgment.
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â February 21, 2006
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â April 28, 2006

Do Not Publish



-family:Calibri;
 mso-hansi-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
.MsoPapDefault
 {mso-style-type:export-only;
 margin-bottom:10.0pt;
 line-height:115%;}
 /* Page Definitions */
 @page
 {mso-page-border-surround-header:no;
 mso-page-border-surround-footer:no;
 mso-footnote-separator:url("6-11-122-CR%20Bruce%20v.%20State%20Opinion%20mtd_files/header.htm") fs;
 mso-footnote-continuation-separator:url("6-11-122-CR%20Bruce%20v.%20State%20Opinion%20mtd_files/header.htm") fcs;
 mso-endnote-separator:url("6-11-122-CR%20Bruce%20v.%20State%20Opinion%20mtd_files/header.htm") es;
 mso-endnote-continuation-separator:url("6-11-122-CR%20Bruce%20v.%20State%20Opinion%20mtd_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:1.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-11-122-CR%20Bruce%20v.%20State%20Opinion%20mtd_files/header.htm") eh1;
 mso-header:url("6-11-122-CR%20Bruce%20v.%20State%20Opinion%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-11-122-CR%20Bruce%20v.%20State%20Opinion%20mtd_files/header.htm") ef1;
 mso-footer:url("6-11-122-CR%20Bruce%20v.%20State%20Opinion%20mtd_files/header.htm") f1;
 mso-first-header:url("6-11-122-CR%20Bruce%20v.%20State%20Opinion%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-11-122-CR%20Bruce%20v.%20State%20Opinion%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
@page WordSection2
 {size:8.5in 11.0in;
 margin:2.0in 1.0in 1.0in 1.0in;
 mso-header-margin:2.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-11-122-CR%20Bruce%20v.%20State%20Opinion%20mtd_files/header.htm") eh1;
 mso-header:url("6-11-122-CR%20Bruce%20v.%20State%20Opinion%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-11-122-CR%20Bruce%20v.%20State%20Opinion%20mtd_files/header.htm") ef1;
 mso-footer:url("6-11-122-CR%20Bruce%20v.%20State%20Opinion%20mtd_files/header.htm") f2;
 mso-first-header:url("6-11-122-CR%20Bruce%20v.%20State%20Opinion%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-11-122-CR%20Bruce%20v.%20State%20Opinion%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection2
 {page:WordSection2;}
-->











 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-11-00122-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  VINSON LARRY BRUCE,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 102nd
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Bowie County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. 09F0385-102

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Vinson Larry
Bruce has filed pro se a notice of appeal from his conviction of aggravated
robbery.Â  On our review of the clerkÂs
record, we noted that the trial courtÂs certification of right of appeal stated
that this was a plea agreement case and that Bruce has no right of appeal.Â  

Â Â Â Â Â Â Â Â Â Â Â  Unless a
certification, showing that a defendant has the right of appeal, is in the
record, we must dismiss the appeal.Â 
See Tex. R. App. P.
25.2(d).Â  

Â Â Â Â Â Â Â Â Â Â Â  Because the
trial courtÂs certification affirmatively shows Bruce has no right of appeal,
and because the record before us does not reflect that the certification is
incorrect, see Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim.
App. 2005), we must dismiss the appeal.

Â Â Â Â Â Â Â Â Â Â Â  We
dismiss the appeal for want of jurisdiction.Â 


Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  July
18, 2011Â Â  

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  July
19, 2011

Â 

Do Not PublishÂ Â Â Â Â Â Â Â Â Â  

Â 

Â 

Â 

Â 

Â