# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00729-CR

**Clifton Carl Lamar, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 72785, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In an open plea to the court, appellant Clifton Carl Lamar pleaded guilty to the third-degree felony offense of driving while intoxicated, *see* Tex. Penal Code §§ 49.04(a) (defining offense of driving while intoxicated), 49.09(b)(2) (enhancing DWI offense, among others, to third degree felony if defendant has twice been previously convicted of offense relating to operation of motor vehicle while intoxicated), and true to the enhancement paragraph of an additional DWI conviction. *See id.* § 12.42(a). The trial court thereafter assessed his punishment at confinement for ten years and a fine of $750. In four issues, appellant primarily challenges the sufficiency of the evidence to support the judgment of conviction pursuant to article 1.15 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 1.15. We find no reversible error. However, because we have found non-reversible error in the written judgment of conviction, we modify the judgment and affirm the judgment of conviction as modified.

## BACKGROUND[1]

In connection with his plea, the State and appellant signed a document titled "Written Plea Agreement" that included the State's recommendation of an open plea. As part of the agreement, appellant signed the following "Judicial Confession":

> Upon my oath I swear my true name is Clifton Carl Lamar and I am 57 years of age; I have read the indictment or information filed in this case and I committed each and every act alleged therein, except those acts waived by the State. All facts alleged in the indictment or information are true and correct. I am guilty of the instant offense as well as all lesser included offenses. All enhancement and habitual allegations set forth in the indictment or information are true and correct, except those waived by the State. . . . All other affirmative findings to be made by the Court pursuant to this Written Plea Agreement are true and correct. I swear to the truth of all of the foregoing and further, that all testimony I give in the case will be the truth, the whole truth and nothing but the truth, so help me God.

On the same page as the judicial confession, appellant also "swore and it was [his] testimony here in open court, that [he had] never been convicted of a felony offense in any court of the State of Texas or any other State [e]xcept [he] was convicted in 1988 in Williamson County for Driving While Intoxicated." On the following page, appellant also signed and dated a "Declaration" that contained his name, date of birth, and address and "declare[d] under penalty of perjury that all of the foregoing is true and correct."

The written plea agreement also included defense counsel's signed "Acknowledgments," the State's "Acknowledgments," and the "Court's Approval of Agreement."

---

[1] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

In his acknowledgments, defense counsel certified that he had explained the "court admonishments, rights, waivers, as well as the judicial confession" to appellant and that he was satisfied that appellant was "legally competent and [had] intelligently, knowingly, and voluntarily waived his rights and will enter a guilty plea understanding the consequences thereof." In the trial court's approval of the agreement, the trial court approved the stipulations of evidence pursuant to article 1.15 of the Code of Criminal Procedure, took judicial notice of the written plea agreement, and found that appellant had been given the required admonishments and was competent to enter a guilty plea.

During the hearing on appellant's plea, the trial court took judicial notice of appellant's judicial confession without objection and accepted his plea of guilty and true. After the hearing on punishment, the trial court entered a judgment of conviction and sentenced appellant to confinement of ten years and a $750 fine. This appeal followed.

## ANALYSIS

**Compliance with Article 1.15**

In his first and second issues, appellant argues that the trial court erred in accepting his plea of guilty because the evidence offered by the State in support of the plea was insufficient to comply with article 1.15 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 1.15.[2] In his first issue, appellant challenges the State's reliance on the judicial confession in the

---

[2] Article 1.15 of the Texas Code of Criminal Procedure states:

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce

3

"Written Plea Agreement," describing it as "generic and boiler-plate (with interlineations and strike-throughs)" and lacking because it was "unsworn"—there was "no jurat . . . to be found anywhere therein." He also challenges the evidence that the State offered during the hearing on his plea, arguing that he was not under oath when he "purportedly entered his guilty plea" and that his plea of guilty "was not, in and of itself, an admission that the facts alleged in the indictment were true." *See Menefee v. State*, 287 S.W.3d 9, 13–15 (Tex. Crim. App. 2009) (describing forms of evidence that satisfy article 1.15 and requiring more than plea itself). In his second issue, appellant alternatively argues that the evidence offered during the hearing on punishment, even if properly considered, "established at most that he only had one prior DWI conviction."

This Court's recent decision in *Weatherspoon v. State*, No. 03-15-00237-CR, 2016 Tex. App. LEXIS 7552 (Tex. App.—Austin July 15, 2016, no pet. h.) (mem. op., not designated for publication), informs our analysis. In that case, the State and the defendant entered into a substantially similar "written plea agreement" that included a "judicial confession" by the defendant, acknowledgments from the State and defense counsel, and the trial court's approval of

---

evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

Tex. Code Crim. Proc. art. 1.15.

4

the agreement; the trial court took judicial notice of the agreement and accepted the defendant's guilty plea; and, on appeal, the defendant similarly challenged the sufficiency of the evidence under article 1.15 because there was "no jurat or other showing that he bound himself 'by an oath duly administered.'" *See id.* *1–5. This Court rejected the defendant's arguments, concluding that the defendant's judicial confession "was properly before the trial court and contained sufficient reference to the indictment's allegations to support the trial court's conviction on his guilty plea under article 1.15." *See id.* at *7.[3] In reaching our conclusion, we noted that: (i) the State does not need to introduce the confession into evidence when the trial court takes judicial notice of it, *see id.* at *5 (citing *Chindaphone v. State*, 241 S.W.3d 217, 219 (Tex. App.—Fort Worth 2007, pet. ref'd));

---

[3] The defendant's "Judicial Confession" in *Weatherspoon v. State* stated:

> Upon my oath I swear my true name is Chris Weatherspoon and I am ___ years of age; I have read the indictment or information filed in this case and I committed each and every act alleged therein, except those acts waived by the State. All facts alleged in the indictment or information are true and correct. I am guilty of the instant offense as well as all lesser included offenses. All enhancement and habitual allegations set forth in the indictment or information are true and correct, except those waived by the State. All deadly weapon allegations are true and correct. All other affirmative findings to be made by the Court pursuant to this Written Plea Agreement are true and correct. I swear to the truth of all of the foregoing and further, that all testimony I give in the case will be the truth, the whole truth and nothing but the truth, so help me God.

No. 03-15-00237-CR, 2016 Tex. App. LEXIS 7552, at *3–4 (Tex. App.—Austin July 15, 2016, no pet. h.) (mem. op., not designated for publication) ("Blank in original."); *see Chindaphone v. State*, 241 S.W.3d 217, 219–20 (Tex. App.—Fort Worth 2007, pet. ref'd) (citing *Wright v. State*, 930 S.W.2d 131, 132 (Tex. App.—Dallas 1996, no pet.), and *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (op. on reh'g)) (noting that "[a]n appellate court will affirm the trial court's judgment under article 1.15 if the State introduced evidence that embraces every essential element of the offense charged that is sufficient to establish the defendant's guilt" and that "judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea and to satisfy the requirements of article 1.15").

(ii) "it is well-established that a judicial confession need not be sworn to before a clerk or other authority to support a conviction," *see id.* (citing *Ybarra v. State*, 93 S.W.3d 922, 927 n.4 (Tex. App.—Corpus Christi 2002, no pet.)); and (iii) it is "also well-settled that a stipulation to the truth of an indictment's allegations can support a conviction on a guilty plea," *id.* (citing *Chindaphone*, 241 S.W.3d at 218, 220).

For the same reasons stated in *Weatherspoon*, we similarly conclude that appellant's judicial confession in this case was properly before the trial court and sufficient to satisfy the requirements of article 1.15. *See id.* at *7. Similar to the defendant's judicial confession in that case, appellant here affirmed in his judicial confession that he had read the indictment and committed "each and every act alleged therein" and that all enhancement allegations in the indictment were true and correct. *See id.* On this basis, we overrule appellant's first issue. Further, based on our resolution of the first issue, we need not address appellant's second issue which alternatively challenges the sufficiency of the evidence presented during the sentencing hearing to support his conviction. *See id.* at *7 n.5; *see also* Tex. R. App. P. 47.1.

**Plea Regarding Alleged Jurisdictional Priors**

In his third issue, appellant argues that he did not plead "True" to either of the alleged jurisdictional prior DWI convictions and, therefore, "he was in fact convicted of only a Class B misdemeanor." *See* Tex. Penal Code § 49.09(b) (stating that offense under Section 49.04, among others, "is a felony of the third degree if it is shown on the trial of the offense that the person has previously been convicted: . . . (2) two times of any other offense relating to the operating of a motor vehicle while intoxicated . . . .").

6

The indictment read as follows:

FIRST PARAGRAPH

while driving and operating a motor vehicle in a public place was then and there intoxicated; and, the said Defendant had previously been convicted two or more times as follows of Operating a Motor Vehicle in a Public Place While Intoxicated;

[1] In Cause Number 10,446 of the County Court at Law of Williamson County, Texas, on the 14th day of November, 1986, for the offense of Operating a Motor Vehicle While Intoxicated in a Public Place; and

[2] In Cause Number 2C13-04982 of the County Court at Law # 2 of Bell County, Texas, on the 7th day of March, 2014, for the offense of Operating a Motor Vehicle While Intoxicated in a Public Place.

SECOND PARAGRAPH

AND THE GRAND JURORS AFORESAID do present that before the commission of the aforesaid offense in the First Paragraph by the said Clifton Carl Lamar, to-wit: on the 24th day of January A.D., 1991 in the 26th District Court of Williamson County, Texas, in Cause Number 89-103-K, the said Clifton Carl Lamar was convicted of the felony offense of Driving While Intoxicated.

According to appellant, he only pleaded guilty to the primary DWI alleged in the first paragraph but "he was simply not asked to enter any kind of plea to the jurisdictional priors alleged in Count 1."

As pointed out by the State, the record does not support appellant's assertion. The prior DWIs in the first paragraph were elements of the charged offense and, thus, a separate pleading of "true" by appellant was not required. *See Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999) (explaining that "prior intoxication-related offenses, whether they are felonies or misdemeanors, serve the purpose of establishing whether the instant offense qualifies as felony driving while intoxicated" and that "prior intoxication-related offenses are elements of the [felony]

7

offense of driving while intoxicated"); *Carroll v. State*, 51 S.W.3d 797, 799 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) (explaining that use of prior convictions as jurisdictional enhancement under section 49.04(b) "raises the DWI to a felony grade and is an element of the felony DWI" and that "[e]levating a DWI from a misdemeanor to a felony offense by using a previous DWI conviction does not enhance punishment, but creates a new offense and vests the district court with jurisdiction").

At the hearing on appellant's plea, the trial court questioned appellant before accepting appellant's plea of guilty and true, including the following exchanges:

[The Court]: Mr. Lamar, you have two paragraphs in your indictment. The first paragraph charges you with the offense of driving while intoxicated having been previously convicted two or more times. And that's a third degree felony. It's punishable by two to ten years in the penitentiary and a fine up to $10,000, plus any court costs and any restitution. Now, there is a second paragraph alleging that you were previously convicted in 1991 in Williamson County for DWI, so that enhances the punishment range to that of a second degree, 2 to 20 years in the penitentiary and a fine up to $10,000, plus any court costs and any restitution. Do you understand that?

[Defendant]: Yes, ma'am.

* * *

[The Court]: . . . To the offense in paragraph 1, how do you plead? Guilty or not guilty?

[Defendant]: Guilty.

[The Court]: And to the offense in paragraph 2 alleging that you were previously convicted in Williamson County, how do you plead? True or not true?

[Defendant]: True.

8

* * *

[The Court]:   You're pleading guilty because you committed the offense as alleged and you were previously convicted as alleged; is that right?

[Defendant]:   That's true, Your Honor.

Based on our review of the record, including the above recited exchanges between the court and appellant, we conclude that appellant pled guilty to the third degree felony offense driving while intoxicated, no further pleading by appellant was required as to the prior DWIs in the first paragraph, and the trial court properly accepted this plea. *See Gibson*, 995 S.W.2d at 696; *Carroll*, 51 S.W.3d at 799. We overrule appellant's third issue.

**Error in Written Judgment**

In his fourth issue, appellant argues that the written judgment should be corrected to reflect that he did not plead guilty pursuant to a plea agreement. The judgment of conviction states under the "Terms of Plea Bargain" heading: "See attached–Disclosure of Plea Recommendations Attached Hereto and Made a Part Hereof." As previously stated, appellant entered an open plea. This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 46.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). For the sake of clarity and accuracy, we sustain appellant's fourth issue and modify the judgment to clarify that he did not plead guilty pursuant to a plea bargain and to delete the recited statement under the "Terms of Plea Bargain" heading.

9

## CONCLUSION

For these reasons, we modify the trial court's judgment of conviction as noted above and affirm the trial court's judgment as modified.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Modified and, as Modified, Affirmed

Filed:   August 9, 2016

Do Not Publish