

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00146-CR

John Harold **ROBISON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2024CR006935
Honorable Stephanie R. Boyd, Judge Presiding

Opinion by: Velia J. Meza, Justice

Sitting: Rebeca C. Martinez, Chief Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: February 11, 2026

AFFIRMED

John Harold Robison appeals his conviction for driving while intoxicated, third or more offense, a third-degree felony. *See* TEX. PENAL CODE §§ 49.04, 49.09(b). In three issues, Robison argues (1) the trial court erred in denying his motion to set aside the indictment because the Travis County conviction had been judicially dismissed, (2) without such prior conviction, the trial court lacked felony jurisdiction over the offense charged, and (3) the State's failure to timely challenge

the judicial dismissal barred the State from relying on the judgment for enhancement purposes. Having concluded that the trial court did not err in denying Robison's motion, we affirm.

## BACKGROUND[1]

On February 4, 2024, Robison was arrested for driving while intoxicated after he was found asleep in the driver's seat of a running vehicle. On June 18, 2024, Robison was indicted for driving while intoxicated, which was enhanced to a third-degree felony due to his two prior convictions for operating a motor vehicle while intoxicated. In pertinent part, the indictment reads:

> On or about the 02/04/2024, JOHN HAROLD ROBISON, hereinafter referred to as defendant, did operate a motor vehicle in a public place while intoxicated.

> And it is further presented that prior to the commission of the charged offense, on January 7th, 2002, in Cause Number 590506, in the County Court at law No. 5 of Travis County, Texas, the Defendant was convicted of an offense relating to the operating of a motor vehicle while intoxicated.

On October 31, 2024, Robison filed a motion to set aside the indictment asserting that the State failed to confer felony jurisdiction because the Travis County conviction was previously dismissed and not available for enhancement purposes. As such, Robison maintained that the indictment could not support a felony charge and that the offense should be reduced to a Class A misdemeanor.

After hearing Robison's motion to set aside the indictment on December 16, 2024, the trial court denied the motion. Subsequently, the parties reached a negotiated plea agreement on January 27, 2025, and the trial court accepted Robison's plea of *nolo contendere*, found him guilty as charged in the indictment, suspended imposition of sentence, and placed him on community supervision for a term of four years. This appeal followed.

---

[1] Because Robison does not challenge the sufficiency of the evidence supporting his conviction, and since the court reporter's record of the plea and sentencing was not filed in this case, the background relies on the clerk's record.

**ANALYSIS**

1. <u>Standard of Review</u>

We review a trial court's decision to quash an indictment de novo. *State v. Jarreau*, 512 S.W.3d 352, 354 (Tex. Crim. App. 2017); *see also Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007) (applying the de novo standard when reviewing a trial court's decision to deny a motion to quash an indictment).

Pursuant to the Texas Code of Criminal Procedure, a defendant may only challenge an indictment by way of a motion to set aside or an exception to the indictment for some matter of form or substance.[2] TEX. CODE CRIM. PROC. art. 27.02(1).

A motion to set aside an indictment is utilized to challenge that (1) the indictment was not approved by at least nine grand jurors, (2) an unauthorized person participated in the grand jury's deliberations or voting, or (3) the grand jury was illegally impaneled, and the defendant lacked an opportunity to challenge the array at that time. TEX. CODE CRIM. PROC. art. 27.03. Exceptions to an indictment's substance are raised when (1) the indictment fails to allege an offense, (2) the prosecution is barred by limitations or the crime was committed after the finding of the indictment, (3) the indictment contains an inclusion of a legal defense or bar to prosecution, or (4) jurisdiction is lacking. TEX. CODE CRIM. PROC. art. 27.08. Lastly, exceptions to the form of an indictment are raised when the indictment (1) was not presented in the proper court as required by law, (2) did not contain the requisites as required by article 27.02 of the Code of Criminal Procedure, or (3) was not returned by a lawfully chosen or empaneled grand jury. *Id.* art. 27.09.

---

[2] We note that while the only formalized motions to challenge an indictment are motions to set aside or exceptions as listed in article 27.02(1), practitioners regularly substitute such terms with "motion to quash." *See generally Kass v. State*, 642 S.W.2d 463, 470 (Tex. Crim. App. 1981) (McCormick, J., dissenting).

2. <u>Robison's Challenge to the Indictment Is Not Permitted by Law</u>

In his first point of error, Robison argues that the trial court erred in denying his motion to set aside the indictment because the Travis County conviction was judicially dismissed and could not be relied upon to enhance his DWI to a felony. We disagree.

"Elevating [Robison's] DWI offense from a misdemeanor to a felony by using prior DWI convictions . . . create[d] a new offense," transforming his prior convictions into elements of the indicted offense. *Carroll v. State*, 51 S.W.3d 797, 799–800 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). By challenging the validity of his prior conviction, Robison "argue[s] that the [State] could not prove one of the elements of the crime." *Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007) (citing *Woods v. State*, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005)). However, the Court of Criminal Appeals has made clear that "there is no constitutional or statutory authority for an accused to raise and for a trial court to determine sufficiency of evidence to support or defeat an alleged element of an offense." *State v. Rosenbaum*, 910 S.W.2d 934, 948 (Tex. Crim. App. 1995) (dissenting op. adopted on reh'g). Instead, pre-trial challenges facially test the indictment "by itself under the law, as a pleading." *Id.* Accordingly, we overrule Robison's first point of error.

3. <u>The Trial Court Had Jurisdiction Over the Offense Charged</u>

In his third point of error, Robison contends that because the Travis County conviction was judicially dismissed and could not be relied on for enhancement purposes, the trial court lacked felony jurisdiction. We disagree.

Assuming arguendo that the State's evidence could only establish Robison committed a misdemeanor offense, the district court is still vested with felony jurisdiction. The presentment of an indictment vests a district court with jurisdiction. TEX. CONST. art. V, § 12(b). The trial court's jurisdiction is not lost even if the State's evidence only establishes a misdemeanor offense. TEX.

CODE CRIM. PROC. art. 4.06; *Jones v. State*, 502 S.W.2d 771, 773–74 (Tex. Crim. App. 1973). "A charging instrument that is valid on its face and returned by a legally constituted grand jury is sufficient to mandate trial of the charge on its merits." *State v. Meadows*, 170 S.W.3d 617, 620 (Tex. App.—El Paso 2005, no pet.). As such, Robison's third point of error is overruled.

4. The Indictment Was Not Barred by a Lapse of Time

In his second point of error, Robison argues that the State was barred by the passage of time from relying on the Travis County conviction because it failed to challenge the judicial dismissal for over twenty-three years. We disagree.

"Article 27.08(2) permits a defendant to object to an indictment, and have it dismissed, if the indictment indicates on its face that a prosecution thereunder is barred by the applicable statute of limitations." *Tita v. State*, 267 S.W.3d 33, 37 (Tex. Crim. App. 2008). Again, this is a facial challenge to the indictment which can be determined by comparing "the date on which the offense is alleged to have been committed and that on which the charging instrument was presented." *Id.* (internal quotation marks omitted). The indictment should be quashed only if the dates alleged show that the charging instrument was presented after the applicable limitations period. *Id.*; TEX. CODE CRIM. PROC. art. 27.08(2).

In this case, Robison does not argue that the principal DWI offense committed on February 4, 2024, was presented after the applicable limitations period, but rather that his prior conviction is barred by lapse of time. However, the alleged lapse of time does not implicate any applicable limitations period;[3] rather, it is premised on the State's failure to contest the alleged judicial dismissal of the prior conviction. However, Robison offers no authority for this argument, and as

---

[3] Until repealed in 2005, prior DWI convictions were barred by a ten-year limitations period. TEX. PENAL CODE ANN. § 49.09(e) (West 2005) (repealed by Act of May 27, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3363, 3364).

with his first point of error, such challenge exceeds the narrow facial review permitted by article

27.08. *Rosenbaum*, 910 S.W.2d at 948. Consequently, Robison's final point of error is overruled.

## CONCLUSION

Accordingly, we affirm the trial court's judgment.

Velia J. Meza, Justice

DO NOT PUBLISH