Ernest R. **PEREZ**, Jr., Appellant,

v.

The **STATE** of Texas.

No. 2–02–084–CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 19, 2002.

Lisa Mullen, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Asst. Crim. Dist. Atty. and Chief of the Appellate Division, Helena F. Faulkner, Tiffany Hamilton, Asst. Crim. Dist. Attys., Fort Worth, for Appellee.

PANEL F: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

Ernest R. Perez, Jr. appeals from his conviction for felony driving while intoxicated (DWI). In two points, he contends the State improperly used a prior misdemeanor conviction to enhance both the charged offense from a misdemeanor to a felony and his punishment, and his trial counsel was ineffective for not objecting to this fundamental defect in the indictment. We will affirm.

The indictment alleges that appellant committed felony DWI by driving while intoxicated and having been twice before convicted of DWI. *See* Tex. Penal Code Ann. § 49.09(b)(2) (Vernon Supp.2003). The two prior DWIs alleged as elements of the charged offense were a September 6, 1996 misdemeanor DWI conviction in Denton County and a February 16, 1994 misdemeanor DWI conviction in Dallas County. For punishment enhancement purposes, the indictment also alleged that appellant had previously been convicted of felony DWI on September 3, 1996 in Denton County.

Appellant contends that his 1994 misdemeanor DWI was improperly used to enhance both the charged offense and his punishment in this case. *See id.* § 49.09(g) (providing that a prior DWI conviction may be used to enhance a later DWI offense to a more serious offense, but that the same prior conviction may not be used to enhance both the charged offense and the defendant's punishment). He argues that the 1994 misdemeanor conviction was used to enhance his September 3, 1996 DWI conviction to a felony and that the State therefore "used" the 1994 conviction when it alleged the September 3, 1996 conviction for punishment enhancement purposes in the instant case. We disagree.

The State did not use, and could not have used, the 1994 DWI conviction to enhance appellant's punishment for felony DWI because the 1994 conviction was a misdemeanor. Only a felony can be used to enhance the punishment for felony DWI. *See id.* § 12.42(a)(3) (providing that

a prior *felony* DWI conviction may be used to enhance a defendant's punishment from that for a third-degree felony to that for a second-degree felony). In addition, the September 3, 1996 DWI conviction was a separate and distinct offense from the 1994 DWI conviction. *See Gibson v. State*, 995 S.W.2d 693, 695–96 (Tex.Crim.App.1999) (noting that misdemeanor and felony DWI are different grades of driving while intoxicated and are tried in different courts). Therefore, the State was not required to plead or prove the 1994 DWI conviction to use the September 3, 1996 felony DWI conviction to enhance appellant's punishment.[1] For these reasons, we hold that the State did not "use" the 1994 DWI conviction when it alleged the September 3, 1996 DWI conviction in the indictment to enhance appellant's punishment. *See Carroll v. State*, 51 S.W.3d 797, 801 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) (holding same under virtually identical circumstances).

 Appellant contends that such a holding violates his constitutional rights to due process and against cruel and unusual punishment. These arguments are waived, however, because appellant did not make them in the trial court. *See* Tex. R.App. P. 33.1(a); *Curry v. State*, 910 S.W.2d 490, 497–98 (Tex.Crim.App.1995) (holding that complaint of cruel and unusual punishment is waived if not raised in trial court); *Garcia v. State*, 887 S.W.2d 846, 861 (Tex.Crim.App.1994), *cert. denied*, 514 U.S. 1005, 115 S.Ct. 1317, 131 L.Ed.2d 198 (1995); *Sullivan v. State*, 986 S.W.2d 708, 711 (Tex.App.—Dallas 1999, no pet.) (both holding that complaint about constitutionality of statute as applied is waived if not raised in trial court).

Further, because the State did not "use" appellant's DWI conviction to enhance both the charged offense and his punishment, his trial counsel was not ineffective for failing to object to the indictment. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) (setting out two-part test for establishing ineffective assistance of counsel). We overrule both of appellant's points and affirm the trial court's judgment.

---

1. Indeed, the record contains no evidence that the 1994 misdemeanor conviction was used to enhance appellant's September 3, 1996 DWI conviction to a felony.