EWING V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-039-CR

CHARLES A. EWING APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Charles A. Ewing appeals his conviction for felony driving while intoxicated.  In five points, appellant complains that the trial court abused its discretion by admitting evidence of an extraneous bad act at punishment; qualifying and rehabilitating prospective jurors who had expressed bias against the minimum punishment; denying a challenge for cause against a juror who stated that he could not give fair consideration to the minimum punishment for the offense charged; and refusing to quash the enhancement count in the indictment because it violated the statutory prohibition against using the same conviction for felony jurisdiction and punishment.  We affirm.

Evidence of Extraneous Bad Acts

In his first point, appellant argues that the trial court abused its discretion during the punishment phase of trial by admitting extraneous evidence of a prior drunk-driving accident because the State’s original notice was insufficient to apprise him of its intent to offer evidence of the accident, and the State’s supplemental notice did not provide reasonable notice because the notice was delivered to appellant’s trial counsel the day the punishment hearing began.

On May 26, 2004, appellant filed and served the State with a self-executing request for notice of the State’s intent to introduce evidence of other crimes, wrongs, or acts during the punishment phase pursuant to article 37.07(g) of the code of criminal procedure.
(footnote: 2)  The State responded to that request on January 31, 2005, stating that it intended “to introduce each and every extraneous offense, crime, wrong, and act of the Defendant noted . . . as well as those identified in offense reports or other documents and recordings presented in the State’s file.”  Among other offenses and evidence, the State listed two prior DWI convictions on July 25, 1997, one of which arose from appellant’s DWI arrest on November 30, 1995.  The pen packet containing those judgments was admitted at trial during the punishment phase.  One of the judgments lists Kenneth Smith as a person to whom appellant owed restitution.

The punishment phase of appellant’s trial was scheduled for February 3, 2005.  On the evening of February 2, the State served notice to appellant by email of its intent to offer, among other things, details of one of his 1997 convictions, in which there was a car accident where Kenneth Smith was injured in November 1995.
(footnote: 3)  At the punishment hearing, appellant moved for a second continuance on the ground that the State’s notice was too late and operated as a surprise.  Appellant conceded that he knew about the 1997 DWI conviction that arose from November 1995, but asserted that the arrest and circumstances surrounding the arrest were  “extrinsic to the record of conviction of DWI.”  The trial court denied appellant’s second motion for a continuance and noted that the State’s original notice complied with the statutory obligations and permitted the State to introduce the testimony of two witnesses regarding the details of appellant’s November 1995 arrest.  The only bad act they referred to during their testimony was the November 1995 accident and arrest for drunk driving.

We review the trial court’s decision to admit evidence under an abuse of discretion standard.
(footnote: 4)  We will not reverse a trial court as long as its ruling was within the “zone of reasonable disagreement.”
(footnote: 5) 

Article 37.07, section 3(g) of the code of criminal procedure provides that on a defendant’s timely request, notice of intent to introduce evidence of an extraneous crime or bad act shall be given in the same manner required by rule 404(b).
(footnote: 6)  Rule 404(b) provides, in pertinent part, “that upon timely request by the accused in a criminal case, reasonable notice [should be] given in advance of trial of intent to introduce in the State’s case-in-chief such evidence other than that arising in the same transaction.”
(footnote: 7)  The reasonableness of the State’s notice turns on the facts and circumstances of each individual case.
(footnote: 8)  At a minimum, the  notice must be reasonably calculated to draw defense counsel’s attention to an extraneous offense.
(footnote: 9)
 The State’s original January 2005 notice, which was given four days prior to trial, listed appellant’s 1997 DWI conviction and the date of appellant’s 1995 arrest and informed appellant that the State intended to introduce acts identified in the offense report and other documents, which included evidence of the accident that gave rise to appellant’s arrest and conviction.  We conclude that this information was reasonably calculated to draw appellant’s attention to the November 30, 1995 accident.
(footnote: 10)  We overrule appellant’s first point.  

In his second point, appellant contends that the trial court abused its discretion by admitting evidence of the November 1995 car accident because the State did not meet its burden of proving beyond a reasonable doubt that appellant was the driver who caused the accident.
(footnote: 11)  We disagree.  

There are several ways to link a defendant to a prior conviction or bad act, including witness testimony identifying the accused as the same person previously convicted; a judicial stipulation by the defendant; the introduction of certified copies of the judgment and sentence containing the defendant’s fingerprints, supported by expert testimony identifying the prints as the defendant’s;  and the introduction of a photograph or detailed description of the person in the documents showing the prior conviction that can be compared with the accused’s appearance.
(footnote: 12)  These methods are not exclusive, however; whether sufficient links are present is determined on a case-by-case basis.
(footnote: 13) 

The evidence in this case shows as follows:

Smith was sitting at a red light on November 30, 1995 when a wrecker hit his car.  A police officer was nearby and directed Smith and the wrecker driver to a nearby parking lot.  Instead of going to the parking lot, however, the wrecker driver left the scene and went into a nearby bar.  Officer Lee Ann Jones went into the bar and arrested a man named Charles Ewing, whose date of birth was August 22, 1957.  In the case before us, appellant pleaded true to the enhancement allegation in the indictment, which alleged that he had previously been convicted of felony DWI in case number 0616210D.  The judgment for the same felony DWI, case number 0616210D, listing appellant’s name, date of birth August 22, 1957, and ordering appellant to pay restitution for $2,181.00 to Kenneth Bryan Smith at the address 2961 McKinley Avenue in Fort Worth, Texas, was admitted at trial.  Smith stated at trial that his address at the time of the collision was 2961 McKinley Avenue. 

We hold that this evidence is sufficient to show that the collision was attributable to appellant beyond a reasonable doubt.
(footnote: 14)  Therefore, the trial court did not abuse its discretion by admitting the testimony.  We overrule appellant’s second point.

Voir Dire 

In his third and fourth points, appellant complains that the trial court abused its discretion during jury selection.  First, he argues that the court erred by intervening in jury selection by assisting in qualifying and rehabilitating venire members who had previously stated their biases against the minimum punishment.  Second, he argues that the court erred by denying a challenge for cause against veniremember Auvenshine who, according to appellant, stated that he could not give fair consideration to the minimum punishment range for the charged offense. 

During the State’s portion of voir dire, the prosecutor asked if any of the veniremembers could not consider the full range of punishment, and no one responded.  When appellant questioned the panel, several veniremembers expressed hesitation about the full range of punishment:

[Defense Counsel]:     Does anybody feel differently about that?  Hey, they’ve given the person a fair trial.  They’ve now found a third DWI is true beyond a reasonable doubt.  They and 11 other jurors convicted.  They don’t think two years would be sufficient to start with.  Anybody feel that way? . . . Okay.  Mr. Evans, is that how you feel, sir?

[Veniremember Evans]:    Yeah.  If he’s convicted, if he’s convicted of a third, which makes it a felony, he’s had two prior convictions, and two years is way too low.

[Defense Counsel]:      You could not give two years—you would not fairly consider two years?

[Veniremember Evans]:     No. I think two years would be way too low.  

[Defense Counsel]:     All right, thank you.  Anybody agree with—over here, anybody on this side to my left agree with Mr. Evans about the two years?  

Veniremembers Leis and Bryant stated that they agreed with Mr. Evans. Defense counsel then engaged in the following dialogue:

[Defense Counsel]:     And I saw Mr. Shultz.  So—and I have to restate it every once in a while to make sure that we all still remember what I’m talking about.  You’ve been convicted beyond a reasonable doubt, the person has been found guilty?

[Veniremember Shultz]:      I could consider it.

. . . .

It’s not a snapshot, it’s the portfolio, so it’s hard to imagine a situation where I would think two years would be a justifiable consequence after two previous DWIs, so it would be very difficult.  I would consider it, but honestly, it would have to be something really dramatic to consider two years in that situation.  

. . . .

We may be dealing in semantics here, but you can consider it, but in a normal world, I don’t see how someone with a third one being convicted for just two years.  That would be a real understatement of justice, in my opinion.

After veniremember Auvenshine raised his hand, the following exchange took place:

[Veniremember Auvenshine]:     I was just wanting to clarify the fact that if—a lot  of the things that are being said, what if this and that, and it’s stuff that’s not really clear.  If it’s something that happened in this particular incident, if it was just a couple of DWIs before, and it was nothing, just another DWI and nothing else, that would be one thing.  And you can see where I’m going with this, if there was some damage done or something like that then—

[Defense Counsel]:     Well, for purposes of my questions, all we can say is that it’s not intoxication assault where you know there’s allegations that somebody’s been hurt or intoxication manslaughter.  It’s just—the only thing I can say is it’s been proven to a jury that a person has been convicted of a felony DWI, which means they’ve had two prior DWIs.  Can you fairly consider two years as enough punishment?

[Veniremember Auvenshine]:     Um.

[Defense Counsel]:     You’re not saying you can give it, you’re just saying—the question is can you fairly consider it, and if you can’t, that’s fine.

[Veniremember Auvenshine]:      I don’t think I can.

At the conclusion of voir dire, the trial court made the following statements:

All right.  Because there have been several different answers given to the same question, I need to clarify one issue, so I’m just going to ask everybody as a group.

As I instructed you earlier, in order to serve as a juror in a case, you must be able to give fair consideration to the entire range of punishment available for that offense.  Keep in mind the jury is not called upon to assess punishment until somebody has been found guilty of a particular offense.  We can’t go back and reask you these questions at that point. 

. . . .

Okay.  What I need to know is that whether right now, without knowing anything about the facts of the case, whether you each individually, if the facts justified it and the law allowed it, could give fair consideration to the entire range of punishment in this case, which is anywhere between 2 and 20 years in the penitentiary and up to a $10,000 fine if it is shown that there is a prior felony conviction in a proper case?   Anybody in this section could not do that? 

In response to the court’s question, veniremembers Evans, Haley, Killman, Stagner, Browder, and Atken stated that they could not give fair consideration to the full range of punishment.  Veniremember Auvenshine did not respond.

Appellant challenged veniremember Auvenshine for cause 
based on his inability to consider the full range of punishment.  The trial court denied appellant’s challenge.

In his third point, appellant contends that the trial court abused its discretion by intervening in jury selection by assisting in qualifying and rehabilitating veniremembers who had previously stated their bias against the minimum punishment.  A trial court may intervene in voir dire to clarify a juror’s position, to instruct a juror, or to expedite the proceedings.
(footnote: 15)  A court’s comments become erroneous only when they are reasonably calculated to benefit the State or prejudice the defendant.
(footnote: 16)  The trial court in this case did not erroneously interfere in the voir dire process.  The court’s comments merely served to clarify the veniremembers’ particular views; they did not benefit the State or prejudice appellant.  Therefore, we overrule appellant’s third point. 

In his fourth point, appellant contends that the trial court abused its discretion by denying a challenge for cause against veniremember Auvenshine who appellant claims stated that he could not give fair consideration to the minimum punishment range for the charged offense.  A potential juror must be able to consider the full range of punishment applicable to the particular offense submitted for consideration and if he cannot, he is biased against the law and must be excused.
(footnote: 17)  Whether a potential juror is biased is a factual determination to be made by the trial court.
(footnote: 18)  Where bias is not established as a matter of law, all of the veniremembers answers must be reviewed to determine whether the challenged veniremember could set aside his views and follow the law and his oath.
(footnote: 19)
 The trial court has wide discretion in ruling on challenges for cause, and its rulings will not be upset on appeal absent an abuse of that discretion.
(footnote: 20)  We must examine the record as a whole to determine whether there is support for the trial court's rulings, and, in doing so, we must give deference to the trial court, which was in a position to actually see and hear the veniremember.
(footnote: 21)  If a veniremember vacillated or equivocated with respect to his ability to follow the law, then we must defer to the trial court's judgment because the trial judge was in the best position to observe the person’s demeanor and tone of voice, important factors that “do not come through when reviewing a cold record.”
(footnote: 22) 

The record reveals that Auvenshine was not biased as a matter of law.  Auvenshine initiated the discussion with defense counsel in order to “clarify . . . stuff that’s not really clear.”  He was listening to the voir dire and trying to articulate scenarios under which he could give the minimum punishment. Initially, he hesitated when asked whether he could fairly consider the minimum punishment and then, after defense counsel pressured him for an answer, he said he did not “think” he could.  Because the record indicates that Auvenshine did not express an unequivocal bias against the law, appellant has not shown that he was biased as a matter of law and we must defer to the trial court’s judgment.
(footnote: 23)  

Furthermore, Auvenshine’s reaction to the trial court’s later clarification indicates his further vacillation about his ability to fairly consider the full range of punishment.  Even if Auvenshine’s statements to the defense attorney had indicated some bias against the law, his failure to tell the court he could not fairly consider the full range of punishment in response to its question indicates that he had either changed his mind about his earlier statement or that the court had sufficiently clarified his views. 

Therefore, in viewing the record as a whole and recognizing that the trial judge was in the best position to determine Auvenshine’s demeanor, we hold that the trial court did not err by denying appellant’s challenge for cause against veniremember Auvenshine.
(footnote: 24)  We overrule appellant’s fourth point. 

Enhancement

In his fifth point, appellant asserts that the trial court erred by refusing to quash the enhancement count in the indictment because the same prior DWI was used for jurisdictional purposes and for enhancement.  In the indictment, the State alleged for jurisdictional purposes that, prior to the current offense, appellant had been convicted of two prior DWI offenses: a misdemeanor in 1991 and a felony in 1996.  The indictment also alleged that appellant was convicted of another felony DWI in 1997 for punishment enhancement purposes.  Appellant  contends that because the State used the 1991 DWI as an element in the 1997 felony offense,
(footnote: 25) the 1997 DWI could not be used to enhance the punishment in this case without violating the statutory prohibition against using the same conviction twice for felony jurisdiction and for punishment.
(footnote: 26) 

The 1991 conviction was a separate and distinct offense from the 1997 conviction.
(footnote: 27)  Therefore, the State was not required to plead or prove the 1991 conviction to use the 1997 felony DWI conviction to enhance appellant’s punishment.
(footnote: 28)  For these reasons, we hold that the State did not “use” the 1991 DWI conviction when it alleged the 1997 felony DWI conviction in the indictment to enhance appellant’s punishment.
(footnote: 29)  We overrule appellant’s fifth point.

Having overruled all of appellant’s points, we affirm the trial court’s judgment.   

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and WALKER, JJ.

WALKER, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
  June 29, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See 
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(g) (Vernon Supp. 2005).

3:
The trial court had already granted appellant’s first motion for continuance on February 1 to afford him time to prepare for the testimony the State intended to introduce.

4:
See Green v. State
, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1200 (1997); 
Montgomery v. State
, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990).  

5:
Green
, 934 S.W.2d at 102; 
Montgomery
, 810 S.W.2d at 391. 

6:
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(g).

7:
Tex. R. Evid.
 404(b); 
Hayden v. State
, 66 S.W.3d 269, 272 (Tex. Crim. App. 2001).

8:
Patton v. State
, 25 S.W.3d 387, 392 (Tex. App—Austin 2000, pet. ref’d).

9:
See Splawn v. State
, 160 S.W.3d 103, 112 (Tex. App.—Tyler 2005, pet. ref’d) (holding the State’s notice sufficient to allow appellant to prepare for trial where the notice referred defense counsel to specified numbered counts in the indictment to provide the additional details and the State introduced evidence of the specific allegations in those counts during the punishment phase), 
cert. denied,
 126 S. Ct. 2035 (2006); 
Roman v. State
, 986 S.W.2d 64, 67 (Tex. App.—Austin 1999, pet. ref’d) (concluding that State’s notice of its intent to introduce all acts of appellant’s conduct as set out in the offense report was sufficient because it was reasonably calculated to draw defense counsel’s attention to a statement found in the report).

10:
See Splawn
, 160 S.W.3d at 112.

11:
See 
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(g) (providing that for purposes of assessing punishment, evidence of extraneous offenses or bad acts is admissible so long as the act is shown beyond a reasonable doubt to have been committed by the defendant or an act for which he could be held criminally responsible). 

12:
Littles v. State
, 726 S.W.2d 26, 31 n.1 (Tex. Crim. App. 1984). 

13:
See Human v. State
, 749 S.W.2d 832, 835-36 (Tex. Crim. App. 1988).  In 
Human
, the court stated: 

[O]rdinarily the proof that is adduced to establish that the defendant on trial is one and the same person that is named in an alleged prior criminal conviction . . . closely resembles pieces of a jigsaw puzzle.  However, when the pieces are fitted together, they usually form the picture of the person who committed the alleged prior conviction
.
  
Id
.  

14:
See Haley v. State,
 173 S.W.3d 510, 515 (Tex. Crim. App. 2005).  

15:
Post v. State
, 936 S.W.2d 343, 347 (Tex. App.—Fort Worth 1997, pet. ref’d) (citing 
Gardner v. State
, 733 S.W.2d 195, 210 (Tex. Crim. App. 1987), 
cert. denied,
 488 U.S. 201 (1989)); 
see also Heiselbetz v. State
, 906 S.W.2d 500, 509-11 (Tex. Crim. App. 1995) (holding that the trial court did not err in questioning a veniremember when voir dire had not clearly established juror was challengeable for cause). 

16:
Gardner
, 733 S.W.2d at 210; 
Post
, 936 S.W.2d at 347. 

17:
Cooks v. State
, 844 S.W.2d 697, 709 (Tex. Crim. App. 1992), 
cert. denied
, 509 U.S. 927 (1993); 
Fuller v. State
, 829 S.W.2d 191, 200 (Tex. Crim. App. 1992), 
cert. denied
, 508 U.S. 941 (1993).  

18:
See Hammond v. State
, 799 S.W.2d 741, 744 (Tex. Crim. App. 1990),
 cert. denied
, 501 U.S. 1259 (1991). 

19:
Post
, 936 S.W.2d at 346.

20:
See Ladd v. State
, 3 S.W.3d 547, 559 ( Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1070 (2000);
 Banda v. State
, 890 S.W.2d 42, 53-54 (Tex. Crim. App. 1994), 
cert. denied
, 515 U.S. 1105 (1995). 

21:
See Blue v. State
, 125 S.W.3d 491, 497 (Tex. Crim. App. 2003), 
cert. denied
, 543 U.S. 853 (2004);
 Ladd
, 3 S.W.3d at 559.

22:
Banda
, 890 S.W.2d at 54;
 see also Ladd
, 3 S.W.3d at 559
; 
Brown v. State
, 913 S.W.2d 577, 580 (Tex. Crim. App.1996).

23:
See Banda
, 890 S.W.2d at 54 (describing the deference we must give a trial court on its decisions regarding an equivocating veniremember).  
But cf. Post
, 936 S.W.2d at 347 (holding that where venirepersons clearly and unequivocally stated that they could not consider probation for a defendant they found guilty of multiple aggravated robberies, the trial court did not effectively rehabilitate them by later asking the entire panel whether they could follow their oath and consider probation in an aggravated robbery case and the same veniremembers failed to raise their hands).  

24:
We do not address whether the court’s comments rehabilitated Auvenshine because we hold that the record does not establish that he was biased as a matter of law.

25:
See 
Tex. Penal Code Ann.
 § 49.09(b)(2) (Vernon Supp. 2005) (providing that DWI becomes a felony offense when the actor has been convicted two times of any other offense relating to the operation of a motor vehicle while intoxicated).

26:
See 
Tex. Penal Code Ann.
 § 49.09(g)
 (providing that a prior DWI conviction may be used to enhance a later DWI offense to a more serious offense, but the same prior conviction may not be used to enhance both the charged offense and the defendant’s punishment). 

27:
See Gibson v. State
, 995 S.W.2d 693, 695-96 (Tex. Crim. App. 1999) (stating that misdemeanor and felony DWI are different grades of driving while intoxicated and are tried in different courts). 

28:
See Perez v. State
, 124 S.W.3d 214, 216 (Tex. App.—Fort Worth 2002, no pet.).

29:
See id.
; 
see also Carroll v. State
, 51 S.W.3d 797, 801 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d) (rejecting the appellant’s argument that the use of a felony conviction that was predicated on a prior misdemeanor conviction, where the same prior misdemeanor conviction is used for jurisdictional purposes in the instant case, is the equivalent of using the misdemeanor conviction twice).