In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00076-CR

                                                ______________________________

 

 

                                 WILLIAM MARBIE JONES,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 124th
Judicial District Court

                                                             Gregg County, Texas

                                                          Trial Court
No. 38,331-B

 

                                                       
                                           

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            William
Marbie Jones was convicted by a jury for the felony offense of driving while
intoxicated (DWI), “3rd or more.”  Jones’
punishment was enhanced to that of a second-degree felony, and he was sentenced
to twenty years’ imprisonment.  In a
single point of error, Jones appeals his conviction on the ground that counsel
rendered ineffective assistance for failing to investigate the validity of a
Marion County DWI conviction.  We affirm
the trial court’s judgment. 

I.          Standard of Review 

            We
begin our analysis with the rule that any allegation of ineffectiveness of
counsel must be firmly founded in the record.  Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); Wallace v. State, 75 S.W.3d 576, 589 (Tex.
App.––Texarkana 2002), aff’d, 106
S.W.3d 103 (Tex. Crim. App. 2003).  From
the record received by this Court, Jones bears the burden of proving that
counsel was ineffective by a preponderance of the evidence.  Goodspeed,
187 S.W.3d at 392; Thompson, 9 S.W.3d
at 813; Cannon v. State, 668 S.W.2d
401, 403 (Tex. Crim. App. 1984).

            We
apply the two-pronged Strickland test
handed down by the United States Supreme Court to determine whether Jones
received ineffective assistance of counsel.  Strickland
v. Washington, 466 U.S. 668 (1984). 
Failure to satisfy either prong of the Strickland test is fatal.  Ex parte Martinez, 195 S.W.3d 713, 730
n.14 (Tex. Crim. App. 2006).  Thus, we
need not examine both Strickland prongs
if one cannot be met.  Strickland, 466 U.S. at 697.

            First,
Jones must show that counsel’s performance fell below an objective standard of
reasonableness in light of prevailing professional norms.  Id.
at 687–88.  There is a strong presumption
that counsel’s conduct fell within the wide range of reasonable professional
assistance and that the challenged action could be considered sound trial
strategy.  Id. at 689; Ex parte
White, 160 S.W.3d 46, 51 (Tex. Crim. App. 2004); Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).  Therefore, we will not second-guess the
strategy of Jones’ counsel at trial through hindsight.  Blott
v. State, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979); Hall v. State, 161 S.W.3d 142, 152 (Tex. App.––Texarkana 2005, pet.
ref’d).

            The
second Strickland prejudice prong
requires a showing that but for counsel’s unprofessional error, there is a
reasonable probability that the result of the proceeding would have been
different.  Strickland, 466 U.S. at 687–88. 


II.        Claim of Ineffective
Assistance of Counsel  

            A
first offense DWI is a class B misdemeanor.  See Tex.
Penal Code Ann. § 49.04(b) (Vernon 2003).  In contrast with a first offense DWI, it
becomes a third-degree felony when the State proves “the person has previously
been convicted . . . two times of any other offense relating to the operating
of a motor vehicle while intoxicated . . . .” See Tex. Penal Code Ann.
§ 49.09(b)(2) (Vernon Supp. 2010). 
The State’s indictment alleged that Jones had been previously convicted
of DWI “in cause number 3806 in the 276th District Court of Marion County,
Texas,” “in cause number 97-612 in the County Court at Law of Harrison County,
Texas” and “in cause number 2001-C-137 in the County Court at Law of Panola
County, Texas.”  Although Jones pled “true”
to the Marion County and Panola County DWI convictions, he did this without
mentioning the Harrison County conviction. 


            It
should be pointed out that the elevation of a DWI from a misdemeanor to a
felony offense by using previous DWI convictions does not enhance punishment,
but creates an entirely different offense that vests the trial court with
jurisdiction.  See Harris v. State, 204 S.W.3d 19, 27–28 (Tex. App.––Houston [14th
Dist.] 2006, pet. ref’d); Perez v. State,
124 S.W.3d 214, 216 (Tex. App.––Fort Worth 2002, no pet.); Carroll v. State, 51 S.W.3d 797, 800–01 (Tex. App.––Houston [1st
Dist.] 2001, pet. ref’d).  On a showing
of any two of the three of the above alleged convictions, the instant offense
would be a third-degree felony, punishable by a term of two years’ to ten years’
imprisonment.  See Tex. Penal Code Ann.
§ 12.34 (Vernon Supp. 2010), § 49.09(b). 
In addition to prosecution of the instant offense as a felony, the State
also sought––pursuant to Tex. Penal Code
Ann. § 12.42(a)(2) (Vernon Supp. 2010)––to enhance the punishment range
for this offense from that of a third-degree felony to that of a second-degree
felony by alleging a previous conviction of “the felony offense of” DWI “in
cause number 2005-C-0151 in the 123rd District Court of Panola County, Texas.”  Due to this previous felony conviction, Jones’
punishment was enhanced to that of a second-degree felony, and he was sentenced
to twenty years’ imprisonment. 

            Jones
complains that the Marion County judgment of conviction was invalid and that he
received ineffective assistance of counsel because no challenge was made to the
validity of that prior conviction.  Jones
also maintains that the validity of the judgment can be raised at this time
because the State relied on it as a predicate to giving the trial court
jurisdiction of the instant case as a felony. 
In examining Marion County cause number 3806, we note that Jones pled
guilty to DWI and was sentenced to community supervision.  Jones rests his challenge to the validity of
the Marion County case on the allegation that Jones was not represented by
counsel when he entered a guilty plea to the charges in that case.  

            The
record in the Marion County case is somewhat contradictory.  Some of the records in it reflect that Jones
was represented by counsel during the proceeding, and the final judgment entered
after Jones’ written plea contains counsel’s name.  Contrarily, although the written waiver in
that case recites “[t]hat my attorney has [advised] me of the consequences of a
plea of guilty,” the same document contains the word “waived” in the signature
line for Jones’ counsel.  Despite what
was written on the waiver, the written plea states that Jones pled guilty to
the Marion County offense “in open Court, joined by his attorney with whom he
has previously consulted.”  No record of
the proceedings in open court or testimony from Jones’ counsel in the Marion
County case was presented to us.  

            In
any event, Jones’ counsel submitted an affidavit containing the following:

            As
part of my trial strategy, I advised Mr. Jones stipulate that he had twice
before been convicted of DWI so that we could minimize the evidence placed
before the jury about Mr. Jones[’] prior DWI convictions.  At the time, I had reviewed the discovery,
which include the copies of each DWI conviction on Mr. Jones[’] record.  Everything appeared to be in order and I did
not perceive any problem the State would have proving any of the
convictions.  I did not obtain a copy of
the entire file on any of the underlying convictions or review the clerk’s file
of any of the convictions but relied on what the District Attorney’s Office
provided.

 

            .
. . . The Marion County conviction was used as a jurisdictional element for
this conviction and also the felony conviction that was used to enhance his
punishment to that of a second degree.

 

            Mr.
Cassel provided me with a certified copy of the entire file from the Marion
County conviction . . . . 

 

            There
is no written waiver or warning of Mr. Jones’ right to counsel contained in the
entire Marion County file though it appears R. Daryl Bennett represented Mr.
Jones.  There is no Motion to Withdraw
either.  Thus, it would appear that Mr.
Jones[’] plea was obtained without his lawyer and without a proper waiver of
his right to counsel or warning of proceeding pro se.  Accordingly, had I
known these issues existed, I would have filed a motion to quash the indictment
or otherwise challenged the ability of the State to prove the jurisdictional
DWI convictions because [the] Marion County conviction would be
constitutionally infirm.  

 

            On
the assumption (based upon an incomplete record of the Marion County cause)
that Jones waived his right to counsel involuntarily and without proper
admonishments and that this ground could be used to render a final judgment
void without preservation of such a point of error because it was relied on to
give the trial court in this case jurisdiction of the third-degree felony
offense, Jones argues his counsel was ineffective for failing to investigate
whether the Marion County conviction was invalid. 

            Although,
in the face of contrary evidence in the record which contradicts the
conclusion, we doubt that simply the inclusion of the word “waived” in the
space for Jones’ counsel’s signature on the waiver form is sufficient to
affirmatively show that he waived his right to counsel involuntarily and
without proper admonishments (thus rendering the Marion County conviction
invalid for these purposes),[1]
we will examine as if it did.  In other
words, we will assume for the purpose of argument that Jones has met the first
prong of the Strickland test.  Be that as it may, even making the assumption
under that premise that Jones could meet the first Strickland prong, the second Strickland
prong certainly cannot be met.  

            In
order to establish jurisdiction as a felony, the State was only required to
prove the existence of two prior convictions for offenses relating to operating
a motor vehicle while intoxicated for jurisdictional purposes.  Jones stipulated to the Panola County
conviction, cause number 2001-C-137.  A
stipulation is “a kind of judicial admission” such that a defendant will not be
heard to question the stipulated fact on appeal.  Bryant
v. State, 187 S.W.3d 397, 400 (Tex. Crim. App. 2005).  This established the first jurisdictional
offense.  In addition to the Panola
County misdemeanor offense, the record contains a written plea of guilt signed
by Jones and final judgment of conviction “in cause number 97-612 in the County
Court at Law of Harrison County, Texas.”  This established the second jurisdictional
offense.  As a consequence, even if Jones
had successfully contested the validity of the Marion County conviction, there
would still have been the requisite two convictions (i.e., the Panola County
case and the Harrison County case) to establish this case as a third-degree
felony.  Therefore, Jones would not be
able to demonstrate harm such that the result of the proceedings would have
been different.  

III.       Conclusion


            We affirm the trial court’s
judgment. 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          November 2, 2010

Date Decided:             December 15, 2010

 

Do Not Publish











[1]If
the defendant in a misdemeanor case where guilt is not contested signs a
written waiver of counsel in court and there is no contradicting evidence or
any evidence that the defendant was coerced or intimidated, then the record is
sufficient to support a finding that the defendant’s waiver of counsel was valid.
 Hatten
v. State, 89 S.W.3d 160, 163 (Tex. App.––Texarkana 2002, no pet.).  The Marion County case was a
misdemeanor.