

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00076-CR

_____

WILLIAM MARBIE JONES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 38,331-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

William Marbie Jones was convicted by a jury for the felony offense of driving while intoxicated (DWI), "3rd or more." Jones' punishment was enhanced to that of a second-degree felony, and he was sentenced to twenty years' imprisonment. In a single point of error, Jones appeals his conviction on the ground that counsel rendered ineffective assistance for failing to investigate the validity of a Marion County DWI conviction. We affirm the trial court's judgment.

## I.      Standard of Review

We begin our analysis with the rule that any allegation of ineffectiveness of counsel must be firmly founded in the record. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Wallace v. State*, 75 S.W.3d 576, 589 (Tex. App.—Texarkana 2002), *aff'd*, 106 S.W.3d 103 (Tex. Crim. App. 2003). From the record received by this Court, Jones bears the burden of proving that counsel was ineffective by a preponderance of the evidence. *Goodspeed*, 187 S.W.3d at 392; *Thompson*, 9 S.W.3d at 813; *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984).

We apply the two-pronged *Strickland* test handed down by the United States Supreme Court to determine whether Jones received ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). Failure to satisfy either prong of the *Strickland* test is fatal.

2

*Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006). Thus, we need not examine both *Strickland* prongs if one cannot be met. *Strickland*, 466 U.S. at 697.

First, Jones must show that counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms. *Id*. at 687–88. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that the challenged action could be considered sound trial strategy. *Id*. at 689; *Ex parte White*, 160 S.W.3d 46, 51 (Tex. Crim. App. 2004); *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Therefore, we will not second-guess the strategy of Jones' counsel at trial through hindsight. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979); *Hall v. State*, 161 S.W.3d 142, 152 (Tex. App.—Texarkana 2005, pet. ref'd).

The second *Strickland* prejudice prong requires a showing that but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88.

## II.     Claim of Ineffective Assistance of Counsel

A first offense DWI is a class B misdemeanor. *See* TEX. PENAL CODE ANN. § 49.04(b) (Vernon 2003). In contrast with a first offense DWI, it becomes a third-degree felony when the State proves "the person has previously been convicted . . . two times of any other offense relating to the operating of a motor vehicle while intoxicated . . . ." *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (Vernon Supp. 2010). The State's indictment alleged that Jones had been

3

previously convicted of DWI "in cause number 3806 in the 276th District Court of Marion County, Texas," "in cause number 97-612 in the County Court at Law of Harrison County, Texas" and "in cause number 2001-C-137 in the County Court at Law of Panola County, Texas." Although Jones pled "true" to the Marion County and Panola County DWI convictions, he did this without mentioning the Harrison County conviction.

It should be pointed out that the elevation of a DWI from a misdemeanor to a felony offense by using previous DWI convictions does not enhance punishment, but creates an entirely different offense that vests the trial court with jurisdiction. *See Harris v. State*, 204 S.W.3d 19, 27–28 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *Perez v. State*, 124 S.W.3d 214, 216 (Tex. App.—Fort Worth 2002, no pet.); *Carroll v. State*, 51 S.W.3d 797, 800–01 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). On a showing of any two of the three of the above alleged convictions, the instant offense would be a third-degree felony, punishable by a term of two years' to ten years' imprisonment. *See* TEX. PENAL CODE ANN. § 12.34 (Vernon Supp. 2010), § 49.09(b). In addition to prosecution of the instant offense as a felony, the State also sought—pursuant to TEX. PENAL CODE ANN. § 12.42(a)(2) (Vernon Supp. 2010)—to enhance the punishment range for this offense from that of a third-degree felony to that of a second-degree felony by alleging a previous conviction of "the felony offense of" DWI "in cause number 2005-C-0151 in the 123rd District Court of Panola County, Texas." Due to this previous felony

4

conviction, Jones' punishment was enhanced to that of a second-degree felony, and he was sentenced to twenty years' imprisonment.

Jones complains that the Marion County judgment of conviction was invalid and that he received ineffective assistance of counsel because no challenge was made to the validity of that prior conviction. Jones also maintains that the validity of the judgment can be raised at this time because the State relied on it as a predicate to giving the trial court jurisdiction of the instant case as a felony. In examining Marion County cause number 3806, we note that Jones pled guilty to DWI and was sentenced to community supervision. Jones rests his challenge to the validity of the Marion County case on the allegation that Jones was not represented by counsel when he entered a guilty plea to the charges in that case.

The record in the Marion County case is somewhat contradictory. Some of the records in it reflect that Jones was represented by counsel during the proceeding, and the final judgment entered after Jones' written plea contains counsel's name. Contrarily, although the written waiver in that case recites "[t]hat my attorney has [advised] me of the consequences of a plea of guilty," the same document contains the word "waived" in the signature line for Jones' counsel. Despite what was written on the waiver, the written plea states that Jones pled guilty to the Marion County offense "in open Court, joined by his attorney with whom he has previously consulted." No record of the proceedings in open court or testimony from Jones' counsel in the Marion County case was presented to us.

5

In any event, Jones' counsel submitted an affidavit containing the following:

> As part of my trial strategy, I advised Mr. Jones stipulate that he had twice before been convicted of DWI so that we could minimize the evidence placed before the jury about Mr. Jones['] prior DWI convictions. At the time, I had reviewed the discovery, which include the copies of each DWI conviction on Mr. Jones['] record. Everything appeared to be in order and I did not perceive any problem the State would have proving any of the convictions. I did not obtain a copy of the entire file on any of the underlying convictions or review the clerk's file of any of the convictions but relied on what the District Attorney's Office provided.
>
> . . . . The Marion County conviction was used as a jurisdictional element for this conviction and also the felony conviction that was used to enhance his punishment to that of a second degree.
>
> Mr. Cassel provided me with a certified copy of the entire file from the Marion County conviction . . . .
>
> There is no written waiver or warning of Mr. Jones' right to counsel contained in the entire Marion County file though it appears R. Daryl Bennett represented Mr. Jones. There is no Motion to Withdraw either. Thus, it would appear that Mr. Jones['] plea was obtained without his lawyer and without a proper waiver of his right to counsel or warning of proceeding *pro se*. Accordingly, had I known these issues existed, I would have filed a motion to quash the indictment or otherwise challenged the ability of the State to prove the jurisdictional DWI convictions because [the] Marion County conviction would be constitutionally infirm.

On the assumption (based upon an incomplete record of the Marion County cause) that Jones waived his right to counsel involuntarily and without proper admonishments and that this ground could be used to render a final judgment void without preservation of such a point of error because it was relied on to give the trial court in this case jurisdiction of the third-degree felony

6

offense, Jones argues his counsel was ineffective for failing to investigate whether the Marion County conviction was invalid.

Although, in the face of contrary evidence in the record which contradicts the conclusion, we doubt that simply the inclusion of the word "waived" in the space for Jones' counsel's signature on the waiver form is sufficient to affirmatively show that he waived his right to counsel involuntarily and without proper admonishments (thus rendering the Marion County conviction invalid for these purposes),[1] we will examine as if it did. In other words, we will assume for the purpose of argument that Jones has met the first prong of the *Strickland* test. Be that as it may, even making the assumption under that premise that Jones could meet the first *Strickland* prong, the second *Strickland* prong certainly cannot be met.

In order to establish jurisdiction as a felony, the State was only required to prove the existence of two prior convictions for offenses relating to operating a motor vehicle while intoxicated for jurisdictional purposes. Jones stipulated to the Panola County conviction, cause number 2001-C-137. A stipulation is "a kind of judicial admission" such that a defendant will not be heard to question the stipulated fact on appeal. *Bryant v. State*, 187 S.W.3d 397, 400 (Tex. Crim. App. 2005). This established the first jurisdictional offense. In addition to the Panola County misdemeanor offense, the record contains a written plea of guilt signed by Jones and final

---

[1] If the defendant in a misdemeanor case where guilt is not contested signs a written waiver of counsel in court and there is no contradicting evidence or any evidence that the defendant was coerced or intimidated, then the record is sufficient to support a finding that the defendant's waiver of counsel was valid. *Hatten v. State*, 89 S.W.3d 160, 163 (Tex. App.—Texarkana 2002, no pet.). The Marion County case was a misdemeanor.

7

judgment of conviction "in cause number 97-612 in the County Court at Law of Harrison County, Texas." This established the second jurisdictional offense. As a consequence, even if Jones had successfully contested the validity of the Marion County conviction, there would still have been the requisite two convictions (i.e., the Panola County case and the Harrison County case) to establish this case as a third-degree felony. Therefore, Jones would not be able to demonstrate harm such that the result of the proceedings would have been different.

## III.    Conclusion

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:        November 2, 2010
Date Decided:          December 15, 2010

Do Not Publish