

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-12-00182-CR**

EX PARTE RANDY SERRATO

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

Appellant Randy Serrato was charged with the offense of felony driving while intoxicated (DWI). *See* Tex. Penal Code Ann. § 49.09(b)(2) (West Supp. 2011). The indictment included a jurisdictional enhancement paragraph, entitled "DWI – FELONY REPETITION," alleging that Serrato had been previously convicted of misdemeanor DWI in 1993 (Tarrant County cause number 0474829) and misdemeanor DWI in 1994 (Tarrant County cause number 0525186). *See id.* The indictment also included a punishment enhancement paragraph entitled, "HABITUAL OFFENDER NOTICE," which alleged that Serrato had been

previously convicted of the offense of felony DWI in 2002 (Tarrant County cause number 0783266D) and the felony offense of possession of a controlled substance in 1994 (Tarrant County cause number 0525261A). *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2011) (providing enhanced punishments for habitual felony offenders). The two prior DWIs alleged as jurisdictional elements for the 2002 felony DWI conviction were the 1993 and 1994 misdemeanor DWI convictions that were used as jurisdictional elements for the instant felony DWI.

Serrato filed a "Motion to Quash And/Or Dismiss Indictment," arguing that the indictment violated Texas Penal Code section 49.09(g), which prohibits a conviction from being used for enhancement purposes under section 49.09 (jurisdictional element) and also for punishment enhancement purposes. *See id.* § 49.09(g). Serrato argued that by using the 1993 and 1994 misdemeanor DWI convictions for jurisdictional enhancement and then using the 2002 felony DWI— which had been enhanced to a felony with the 1993 and 1994 misdemeanor DWI convictions—for punishment enhancement, the State improperly used the same offenses as elements of the felony DWI offense and to enhance punishment in violation of penal code section 49.09(g). *See id.* After a hearing, the trial court denied the motion and entered a written order with findings of fact and conclusions of law. Serrato then filed a pretrial application for writ of habeas

corpus,[1] which the trial court denied "on the same grounds as the . . . denial of [Serrato's] Motion to Quash." Serrato perfected this appeal.

Section 49.09 raises a DWI offense to felony grade if it is shown that the defendant has been twice previously convicted of DWI. *Id.* § 49.09(b)(2). Section 49.09(g) contemplates the use of a prior conviction for either jurisdictional enhancement (under section 49.09) or for punishment enhancement (under subchapter D, Chapter 12). *Id.* § 49.09(g); *Carroll v. State*, 51 S.W.3d 797, 799 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) (analyzing former section 49.09(g)). Section 49.09(g) provides, "A conviction may be used for purposes of enhancement under this section or enhancement under Subchapter D, Chapter 12, but not under both this section and Subchapter D." Tex. Penal Code Ann. § 49.09(g). Subchapter D, entitled "EXCEPTIONAL SENTENCES," provides for enhanced penalties for repeat and habitual felony and misdemeanor offenders. *Id.* §§ 12.41–.50 (West 2011 & Supp. 2011). Section 12.42(d) provides for enhanced punishment for felony offenses if it is shown that the defendant has previously been convicted of two felonies. Tex. Penal Code Ann. § 12.42(d).

In *Perez v. State*, this court was faced with the same situation that we have here. 124 S.W.3d 214, 215–16 (Tex. App.—Fort Worth 2002, no pet.). There,

---

[1]Serrato also argued in his application for writ of habeas corpus that the use of the same offenses as elements of the felony DWI offense and to enhance punishment violated double jeopardy and due process under the United States and Texas constitutions.

3

the indictment alleged 1994 and 1996 misdemeanor DWI convictions as the two prior DWIs for elements of the charged felony DWI and also alleged for punishment enhancement purposes a 1996 felony DWI conviction. *Id.* at 215. The 1996 felony DWI conviction had been enhanced with one of the misdemeanor convictions used to enhance the charged felony DWI. *Id.* Rejecting Appellant's contention that his 1994 misdemeanor DWI was improperly used to enhance the charged offense and to enhance punishment, we reasoned in part,

> [T]he September 3, 1996 DWI conviction was a separate and distinct offense from the 1994 DWI conviction. *See Gibson v. State*, 995 S.W.2d 693, 695–96 (Tex. Crim. App. 1999) (noting that misdemeanor and felony DWI are different grades of driving while intoxicated and are tried in different courts). Therefore, the State was not required to plead or prove the 1994 DWI conviction to use the September 3, 1996 felony DWI conviction to enhance appellant's punishment. For these reasons, we hold that the State did not "use" the 1994 DWI conviction when it alleged the September 3, 1996 DWI conviction in the indictment to enhance appellant's punishment. *See Carroll v. State*, 51 S.W.3d 797, 801 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) (holding same under virtually identical circumstances).

*Id.* at 216. As we pointed out in *Perez*, the Houston First Court of Appeals in *Carroll* also addressed this issue; there, the court explained,

> [O]nly felonies may be used to enhance punishment under section 12.42(d), the habitual offender statute. The disjunctive language of section 49.09(b), "a conviction . . . may be used for purposes of enhancement *under this section or* . . . *under* [the habitual offender statute] *but not under both*," assumes a section 12.42(d) conviction must be for a felony offense. Misdemeanor convictions may not be alleged to enhance punishment under section 12.42(d), the habitual offender statute. It follows that the disjunctive language of section 49.09(b) applies only to a felony DWI and does not apply to the use

4

of a misdemeanor DWI under section 12.42(d) insofar as section 49.09(f) [now section 49.09(g)] is limited by section 12.42(d).

Thus, appellant would have this Court hold that the use of a felony conviction that was predicated on a prior misdemeanor conviction, where the same prior misdemeanor conviction is used for jurisdictional purposes in the instant case, is the equivalent of using the misdemeanor conviction twice. We decline appellant's suggested interpretation and hold, on the facts before us, the State used offense 1 [a misdemeanor DWI conviction] for jurisdictional enhancement as alleged in the State's pleading. However, we further hold the State did not use offense 1 for punishment enhancement purposes because no independent proof of its existence is required in the State's burden of proof under section 12.42(d).

51 S.W.3d at 800–01 (citations omitted).

Serrato argues that *Perez* and *Carroll* misread the statutes and too narrowly construed the term "use" in section 49.09(g). We cannot agree. The plain language of section 49.09(g) prohibits the double use of a "conviction" for both jurisdictional and punishment enhancement. Tex. Penal Code Ann. § 49.09(g). A misdemeanor DWI conviction is a separate and distinct conviction from a felony DWI conviction, even if that felony DWI conviction included the separate misdemeanor conviction as a jurisdictional element. *See Gibson v. State*, 995 S.W.2d 693, 695–96 (Tex. Crim. App. 1999); *Perez*, 124 S.W.3d at 216; *Carroll*, 51 S.W.3d at 799–800 (explaining that elevating a DWI from a misdemeanor to a felony creates an entirely new offense that vests the district court with jurisdiction); *see also Harris v. State*, 204 S.W.3d 19, 27–28 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (following *Carroll* and *Perez*); *Ewing v. State*, No. 02-05-00039-CR, 2006 WL 1791597, at *6 (Tex. App.—Fort Worth

June 29, 2006, no pet.) (mem. op., not designated for publication) (same); *McKinney v. State*, No. 06-05-00079-CR, 2006 WL 1116064, at *2–3 (Tex. App.—Texarkana Apr. 28, 2006, pet. ref'd) (mem. op., not designated for publication) (same). In other words, here, the State did not use the two misdemeanor DWI convictions for both jurisdictional and punishment enhancements in violation of section 49.09(g) by alleging the 2002 felony DWI conviction for punishment enhancement purposes because the 2002 felony DWI conviction was a separate conviction from the two misdemeanor DWI convictions, and the State is not required to plead or prove any underlying DWI offenses in order to use the felony DWI conviction to enhance Serrato's punishment.[2]

We overrule Serrato's two points and affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

PUBLISH

DELIVERED: July 12, 2012

---

[2]To the extent that Serrato complains that the double "use" of the two misdemeanor convictions constituted a double jeopardy violation, this argument also fails; as set forth above, the State did not use Serrato's misdemeanor DWI convictions to enhance both the charged offense and his punishment. *See* U.S. Const. amend. V.; Tex. Const. art. I, § 14.