

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00450-CR

MIGUEL MEDRANO                                          APPELLANT

V.

THE STATE OF TEXAS                                           STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Miguel Medrano appeals his conviction for felony driving while intoxicated and 80-year sentence. In two points, he asserts that the evidence was insufficient to support his conviction based on deficiencies in the enhancement paragraphs of the indictment. We affirm the trial court's judgment.

---

[1]*See* Tex. R. App. P. 47.4.

## I. BACKGROUND

On June 30, 2010, a grand jury returned an indictment charging Appellant with driving while intoxicated on February 7, 2010. *See* Tex. Penal Code Ann. § 49.04 (West Supp. 2013). The indictment included two offense-enhancement paragraphs:[2] (1) Appellant was convicted of felony driving while intoxicated on September 8, 2000, in the 213th Criminal District Court of Tarrant County in cause number 0765598D ("the 2000 offense-enhancement conviction") and (2) Appellant was convicted of driving while intoxicated on September 2, 1992, in County Criminal Court Four of Tarrant County in cause number 0414660 ("the 1992 offense-enhancement conviction"). These two prior convictions were elements of the offense that the State had to prove beyond a reasonable doubt at the guilt-innocence phase of the trial. *See Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999). The offense-enhancement paragraphs had the effect of enhancing the charged offense from a class-A misdemeanor to a third-degree felony. *See* Tex. Penal Code Ann. § 49.09(b), (d) (West Supp. 2013).

The indictment also contained two punishment-enhancement paragraphs:[3] (1) Appellant was finally convicted of felony driving while intoxicated on June 21,

---

[2]Offense-enhancement paragraphs also are referred to as jurisdictional enhancements or felony-repetition paragraphs. *E.g., Pena v. State*, 191 S.W.3d 133, 143 n.10 (Tex. Crim. App. 2006); *Ex parte Serrato*, 374 S.W.3d 636, 637 (Tex. App.—Fort Worth 2012, pet. ref'd).

[3]Punishment-enhancement paragraphs also are referred to as habitual-offender paragraphs. *E.g., Hardeman v. State*, 1 S.W.3d 689, 691 (Tex. Crim.

2007, in the 297th District Court of Tarrant County in cause number 1003079D ("the 2007 punishment-enhancement conviction") and (2) Appellant was finally convicted of felony driving while intoxicated on September 8, 2000, in the 213th District Court of Tarrant County in cause number 0618178D ("the 2000 punishment-enhancement conviction"). By alleging these two offenses as punishment enhancements, the punishment range for the charged offense was enhanced from that available for a third-degree felony—a term of not more than ten years or less than two years and a fine not to exceed $10,000—to "imprisonment . . . for life, or for any term of not more than 99 years or less than 25 years." Tex. Penal Code Ann. § 12.42(d) (West Supp. 2013); *see also id.* § 12.34 (West 2011). A conviction used as an offense enhancement cannot also be used as a punishment enhancement and vice versa.[4] *See id.* § 49.09(g).

Appellant pleaded not guilty to the indictment and not true to the punishment-enhancement paragraphs. A jury convicted Appellant of felony driving while intoxicated, found the punishment-enhancement paragraphs true, and assessed Appellant's punishment at 80 years' confinement. On appeal, Appellant attacks the enhancement paragraphs.

---

App. 1999); *Gallemore v. State*, 312 S.W.3d 156, 158 (Tex. App.—Fort Worth 2010, no pet.).

[4]Appellant does not argue that any of the offense-enhancement paragraphs contain the same prior offenses as those included in the punishment-enhancement paragraphs. Indeed, although two of the prior convictions allege the same date—September 8, 2000—they have different cause numbers.

## II.  ENHANCEMENT PARAGRAPHS

### A.  ALLEGED DATE OF 2000 OFFENSE-ENHANCEMENT CONVICTION

In his first point, Appellant argues that the date of finality for the 2000 offense-enhancement conviction should have been the date alleged in the indictment and not the date of conviction.  The State concedes that Appellant was adjudged guilty of the 2000 offense-enhancement conviction on September 8, 2000, and that the conviction did not become final until 2002.  At trial, Appellant moved for directed verdict because the date the 2000 offense-enhancement conviction became final is not the date alleged in the indictment.  The trial court denied Appellant's motion.  Appellant now argues that because the 2002 finality date should control, the evidence was "at fatal variance from the indictment," which renders it insufficient to support his conviction.

The State argues that because a punishment-enhancement paragraph does not require such particularity, a variance between the proof at trial and the date alleged in the indictment in an offense-enhancement paragraph is not fatal.  However, Appellant is attacking a variance between the proof at trial and the date alleged as to the 2000 offense-enhancement conviction, not the date of either of the punishment-enhancement convictions.  An offense-enhancement paragraph cannot be equated to a punishment-enhancement paragraph mainly because an offense-enhancement paragraph is an element of the offense that must be proved beyond a reasonable doubt at the guilt-innocence portion of the trial, while a punishment enhancement relates solely to the available sentencing

4

range.  *See, e.g.*, Tex. Penal Code Ann. § 12.42(d) (providing enhanced punishment range for repeat offenders); *Gibson*, 995 S.W.2d at 696 (holding offense-enhancement paragraphs are elements of the offense).

However, offense-enhancement paragraphs are not required to include the exact date that the prior conviction occurred or became final, and the State is not required to prove such.[5]  *See Carter v. State*, No. 02-10-00503-CR, 2012 WL 254077, at *3 (Tex. App.—Fort Worth Jan. 26, 2012, pet. ref'd) (mem. op., not designated for publication); *Tietz v. State*, 256 S.W.3d 377, 378–79 (Tex. App.— San Antonio 2008, pet. ref'd).  *Compare* Tex. Penal Code Ann. § 49.09(b)(2) (enhancing DWI offense to third-degree felony if person "has previously been convicted . . . two times of any other offense relating to the operating of a motor vehicle while intoxicated") *with id.* § 12.42(d) (providing enhanced penalties for felony offense if "defendant has previously been finally convicted of two felony offenses").[6]  "[S]ection 49.09(b) simply requires the State to show the fact finder that a defendant has been twice convicted of DWI, nothing more and nothing less."  *Bower v. State*, 77 S.W.3d 514, 518 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).  Section 49.09(b) dictates only that the 2000 offense-enhancement

---

[5]We note that it does not appear that the 2000 offense enhancement involved a probated sentence; therefore, section 49.09(d) does not apply.  Tex. Penal Code Ann. § 49.09(d).

[6]Appellant raises no argument attacking the sufficiency of the evidence to show that he "has previously been convicted . . . two times of any other offense relating to the operating of a motor vehicle while intoxicated."  Tex. Penal Code Ann. § 49.09(b)(2).

conviction and the 1992 offense-enhancement conviction occurred before the 2010 charged offense. In short, the State need only have proved Appellant's status as a "felon subject to prosecution" under sections 49.04 and 49.09. *State v. Mason*, 980 S.W.2d 635, 641 (Tex. Crim. App. 1998) (making statement in context of section 46.04); *see also Carter*, 2012 WL 254077, at *3. Here, the fact that the 2000 offense-enhancement conviction was appealed and, thus, was not final for appellate purposes on September 8, 2000, does not render the indictment to be at a fatal variance with the proof at trial. This is especially true when there is no evidence that Appellant was surprised or prejudiced by the date alleged for the 2000 offense-enhancement conviction. *See Human v. State*, 749 S.W.2d 832, 837–39 (Tex. Crim. App. 1988). We overrule Appellant's first point.

## B. OCCURRENCE OF PUNISHMENT-ENHANCEMENT CONVICTIONS

In his second point, Appellant argues that the date for the 2000 punishment-enhancement conviction could not have occurred "before" the 2000 offense-enhancement conviction as alleged in the indictment because both were alleged to have occurred on September 8, 2000; therefore, the evidence was insufficient. In short, Appellant argues that the punishment-enhancement convictions were required to have occurred before the dates of the offense-enhancement convictions. It is undisputed that Appellant's punishment-enhancement and offense-enhancement convictions occurred and became final before the charged offense.

6

After the conclusion of the guilt-innocence phase of the trial, the trial court charged the jury that, in order to convict Appellant of felony driving while intoxicated, it had to find that Appellant was convicted of the 1992 offense-enhancement conviction and of the 2000 offense-enhancement conviction before he committed the charged offense—driving while intoxicated on February 7, 2010. After the jury so found and after the conclusion of the punishment phase of the trial, the trial court charged the jury that if it found the 2000 punishment-enhancement conviction and the 2007 punishment-enhancement conviction were true, the available range of punishment was twenty-five to ninety-nine years' confinement or life.

"For [punishment] enhancement by [a] prior conviction, the State is required to allege and prove that the defendant was previously convicted and that the conviction became final before the primary offense was committed." *Wilson v. State*, No. 02-10-00439-CR, 2012 WL 662339, at *6 (Tex. App.—Fort Worth Mar. 1, 2012, no pet.) (mem. op., not designated for publication). Thus, section 12.42(d) only requires that a punishment-enhancement conviction become final before the charged offense. *See Jordan v. State*, 256 S.W.3d 286, 290–91 (Tex. Crim. App. 2008).

Here, Appellant does not argue that the punishment-enhancement convictions failed to occur before the charged offense. Therefore, there was no error in allowing the jury to assess Appellant's sentence under an enhanced sentencing range based on its findings that (1) Appellant was guilty of felony

7

driving while intoxicated (partially founded on the 1992 and 2000 offense-enhancement convictions) and (2) the 2000 and 2007 punishment-enhancement convictions were true. *See Carter*, 2012 WL 254077, at *3–4 ("[T]here is no requirement that . . . convictions used to enhance Appellant's instant DWI to a felony[] had to have occurred before the offenses or convictions used to enhance his sentence."). We overrule Appellant's second point.

## III. CONCLUSION

Having overruled Appellant's points, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 27, 2013